# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 02-30184
Summary Calendar

—————————

SHAREEF COUSIN,

Petitioner-Appellant,

VERSUS

C. MARTIN LENSING,
WARDEN, HUNT CORRECTIONAL CENTER,

Respondent-Appellee.

—————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana

—————————————

November 12, 2002

Before HIGGINBOTHAM, SMITH, and
CLEMENT Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Shareef Cousin appeals the dismissal of his
28 U.S.C. § 2254 petition for writ of habeas
corpus, contending that the district court erred
in determining his petition was time-barred.
Finding no error, we affirm.

I.

In September 1995, Cousin pleaded guilty
of four counts of armed robbery. In January
1996, he was convicted of an offense unrelated
to the armed robbery charges, the murder of

Alfred Gerardi. During the penalty phase of the murder trial, the state presented evidence concerning, among other matters, Cousin's convictions of armed robbery. Cousin was sentenced to death.

On February 2, 1996, at a sentencing hearing on the armed robbery cases, Cousin moved for withdrawal of the guilty pleas as involuntary on the ground that he was unaware they would be used during the sentencing phase of the murder trial. The motion was denied, and Cousin was sentenced to twenty years' incarceration on the armed robbery charges. He did not appeal or timely seek reconsideration, so the convictions became final on February 7, 1996, five days after the sentencing hearing. LA. CODE CRIM. P. art. 914.

On February 12, 1996, Cousin filed an application for supervisory writs in state appellate court, alleging that the trial court had erred in denying the motion to vacate the guilty pleas without a hearing, and renewing the allegation that the pleas were involuntary because trial counsel had not advised Cousin that they could be used during the penalty phase. The appellate court denied the application, and the Louisiana Supreme Court denied the writs on April 26, 1996.

At the same time, Cousin was pursuing a motion for a new trial in his murder case on various grounds, including the alleged invalidity of the armed robbery guilty pleas. The state trial court denied the motion, but on April 14, 1998, the Louisiana Supreme Court reversed Cousin's murder conviction on grounds unrelated to the use of the armed robbery convictions during the sentencing phase. On remand, Cousin filed a "Petition for Post-conviction Relief, and in the Alternative, Mo-

tion To Exclude Evidence of Prior Convictions," captioned for both the armed robbery and murder cases. The trial court denied the motion, the state appellate court affirmed, and the Louisiana Supreme Court denied the writs without reasons on January 6, 1999.

On January 19, 1999, Cousin filed the instant § 2254 petition challenging the validity of his armed robbery convictions. The state contends that the petition was untimely under 28 U.S.C. § 2244(d), because it was not filed within the one-year grace period for convictions that became final before the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). That period expired on April 24, 1997, almost two years before Cousin filed his habeas petition.

The magistrate judge concluded, however, that the limitations period was tolled, because Cousin's appeal of his murder conviction raised the invalidity of the armed robbery convictions and thus constituted "other collateral review" of those convictions for purposes of § 2244(d)(2). Even if this conclusion was correct, Cousin's petition was timely only if filed by April 9, 1999. Because it was not properly filed until January 10, 2001, it is time-barred irrespective of whether Cousin's appeal of his murder conviction constituted other collateral review of his armed robbery convictions. Therefore, we need not decide that issue to affirm the dismissal of the petition as time-barred.

Cousin submitted this § 2254 petition to the district court in January 1999 with a motion to proceed *in forma pauperis* ("IFP"). That motion was denied, so the petition could not be deemed filed until the appropriate filing fee

2

had been paid. The record indicates that notice of denial of the IFP motion was sent to Cousin's counsel on January 22, 1999, but it was not until almost two years later, on January 10, 2001, that the five dollar filing fee was paid. Cousin's § 2254 petition was filed by the clerk on that date, well past the expiration of the limitations period even under the construction of § 2244(d)(2) most favorable to Cousin.

Although the district court determined that the petition was time-barred, it nonetheless certified two questions for appeal: first, the question whether the petition is time-barred when there was no showing that Cousin had notice that a filing fee was owed; and second, whether it is fundamentally unfair to dismiss the petition for failure timely to pay the filing fee without considering the merits of petitioner's claims of innocence.

## II.

In certifying appeal on the question whether Cousin's petition is time-barred, the district court raised two distinct issues. First, it discussed the possibility that the time of filing of the petition might be evaluated under the lenient "mailbox rule" applicable to filings submitted by *pro se* prisoners. Second, the court addressed the possibility that the circumstances of this case qualify for equitable tolling such that the limitations period would be extended. As we explain, neither the "mailbox rule" nor equitable tolling applies, given the circumstances surrounding the filing of Cousin's petition.

## A.

Rule 3 of the Rules Governing Section 2254 Cases specifically provides that a habeas petition is not filed unless accompanied by the filing fee or an order granting leave to proceed IFP. Rules Governing § 2254 Cases, Rule 3,

28 U.S.C.A. foll. § 2254. Because Cousin's IFP motion was denied, the district court found that his petition was not filed until the required filing fee was submitted in January 2001, so the petition was time-barred. The possibility was raised, however, that the lenient treatment typically afforded *pro se* prisoner litigants with respect to filing requirements might apply to Cousin despite the fact that he is represented by counsel.

In the case of a *pro se* prisoner, "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998). This "mailbox rule" applies even if the *pro se* litigant has not paid the required filing fee at the time the petition is turned over for mailing. *Id*. at 377 ("[T]he timeliness of [a] petition for purposes of application of the effective date of the AEDPA depends, not on a fee payment, but on when [the petitioner] delivered his papers to prison authorities for filing."). We decline, however, to extend this rule to prisoner litigants who are represented by counsel.

The "mailbox rule" constitutes an exception to the normal requirements of rule 3 and is premised on "this court's traditional disposition of leniency toward pro se litigants." *Id*. This leniency is justified by the "[unique] situation of prisoners seeking to appeal without the aid of counsel." *Houston v. Lack*, 487 U.S. 266, 270 (1988). The inability of an unrepresented prisoner litigant to exercise control over the filing of his pleadings, and his dependence on prison officials for such filing, supports a flexible approach to the application of deadlines. *Spotville*, 149 F.3d at 378; *see Lack*, 487 U.S. at 271-72.

The same rationale does not support appli-

cation of the mailbox rule to prisoner litigants who are represented by counsel.[1] A prisoner litigant who is represented by counsel is not incapable of controlling the filing of pleadings. Instead, he has an agent through whom he can control the conduct of his action, including the filing of pleadings. As a result, he is not restricted in the same manner as one who is representing himself, nor is he dependent on the prison system or its officials for his ability to pursue an action or file necessary pleadings. Consequently, the justifications for leniency with respect to *pro se* prisoner litigants do not support extension of the "mailbox rule" to prisoners represented by counsel.[2]

## B.

Cousin argues that the district court should have equitably tolled the limitations period.[3]

Although AEDPA's limitations provision, like any statute of limitations, may be equitably tolled, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), the decision to invoke equitable tolling is left to the discretion of the district court, and we review such decisions only for abuse of discretion. *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002).

Equitable tolling is permitted only "in rare and exceptional circumstances." *Davis*, 158 F.3d at 811. Cousin contends that neither he nor his attorneys received notice of the denial of his IFP motion and therefore had no way of knowing that the filing fee had become due. Cousin claims that this failure of notice was error by the district court sufficient to justify

---

[1] *Cf. Lack*, 487 U.S. at 271 (justifying lenient treatment of *pro se* prisoner litigants in significant part because of lack of counsel).

[2] Interestingly, other circuits have held that *pro se* litigants who employ even a non-attorney intermediary to file their pleadings are denied the beneficial treatment afforded pro se litigants acting without such agents. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding that the mailbox rule did not apply to *pro se* prisoner who sent habeas petition to his daughter for mailing); *United States v. Cicero*, 214 F.3d 199, 204-05 (D.C. Cir. 2000) (limitations not tolled where prisoner forwarded petition to jailhouse lawyer who later was placed in administrative segregation, delaying the filing); *Paige v. United States*, 171 F.3d 559, 560-61 (8th Cir. 1999) (mailbox rule inapplicable where prisoner mailed petition to brother for preparation and filing).

[3] Cousin initially argues that equitable tolling does not apply to this case, citing *Thompson v. INS*, 375 U.S. 384, 387 (1964), for the proposition (continued...)

[3](...continued) that the untimeliness of his habeas petition should be evaluated under the "unique circumstances" doctrine. Both *Thompson* and the principal authority upon which it relies, *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, (1962), address the timeliness of notices of appeal, a very different question from the one presented here. Therefore, even if the unique circumstances doctrine remains good law, *see Lack*, 487 U.S. at 282 (Scalia, J., dissenting) ("Our later cases . . . effectively repudiate the *Harris Truck Lines* approach, affirming that the timely filing of a notice of appeal is 'mandatory and jurisdictional.'") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)), it does not apply to the limitations period governing habeas petitions.

In any event, even if on point, "*Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989). As discussed below, the district court issued no such assurance on which Cousin could have relied.

equitable tolling of the limitations period. Equitable tolling is warranted, however, only in situations "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

This court has held that such extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment. *United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). Even if there were a failure of notice in this case, there were no affirmative statements, comparable to those in *Patterson*, on which Cousin could have relied. He was not deceived by the district court, nor did any party obstruct his attempts to obtain habeas relief. Instead, he was harmed by the failure, for almost two years, of his own attorney adequately to investigate the status of his petition.

Many courts have considered the question whether attorney error constitutes "rare and exceptional circumstances" and have held that it does not.[4] Additional support for the propo

sition that attorney error does not trigger equitable tolling is the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Moreover, a petitioner's ignorance or mistake is insufficient to warrant equitable tolling. *Coleman*, 184 F.3d at 402.

Following these cases, it seems evident that counsel's mistake does not warrant equitable tolling, particularly under the circumstances presented here, where counsel inexplicably waited for so long. A contrary holding would lead to perverse results, in that the procedural errors of trained attorneys would be dealt with less harshly than would be mistakes by *pro se* litigants. Accordingly, we join the other circuits that have considered this issue and hold that mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.

In any event, the doctrine of equitable tolling is not applied where a petitioner has failed to pursue habeas relief diligently. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The petition at issue in this case remained submitted but unfiled for almost two years, at least in part because counsel failed adequately to investigate the status of the case. It is impossible to conclude, from these circumstanc-

---

[4] *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that the death of the attorney's father two weeks before filing deadline did not constitute extraordinary circumstance for equitable tolling purposes); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that attorney's confusion over applicability of § 2244(d)(1) did not justify equitable tolling), *cert. denied*, 122 S. Ct. 145 (2001); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (holding that attorney's mistaken interpretation of § 2244(d) limitation provision did not justify equitable tolling); *Taliani v. Chrans*, 189 F.3d (continued...)

[4](...continued) 597, 598 (7th Cir. 1999) (holding that attorney's miscalculation of limitations period was not valid basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (holding that untimeliness resulting from attorney's use of ordinary mail did not justify equitable tolling).

es, that the district court abused its discretion in declining to invoke equitable tolling.

### III.

The second question the district court certified is whether it is fundamentally unfair to dismiss Cousin's petition for failure to comply with filing requirements without considering the merits of his claims of innocence. The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Therefore, Cousin's claims of innocence do not preclude the dismissal of his petition as untimely.

AFFIRMED.