In the

# United States Court of Appeals

## for the Fifth Circuit

m 02-30396

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

KEVIN RIGGS,
ALSO KNOWN AS KEVIN THOMAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

December 30, 2002

Before SMITH, BARKSDALE, and
EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The government appeals the grant of Kevin Riggs's motion for collateral relief under 28 U.S.C. § 2255. Concluding that the district court abused its discretion by equitably tolling the statute of limitations for Riggs's untimely motion, we reverse and dismiss the § 2255 motion.

I.

A.

In 1991, the police suspected Riggs and associates of drug trafficking and lured Riggs and John Jackson from their motel room based on the statements of Riggs's associates that these two men possessed several grams of cocaine. Riggs got behind the wheel of their car, and Jackson placed an object in the trunk.

Riggs then slowly drove the car toward the motel lobby, with Jackson walking alongside. As the police approached the car, Riggs leaned toward the passenger-side floor as if to place something on or retrieve something from the floor.

The police arrested both men. A search of the car yielded seventy grams of cocaine from the trunk, a pistol from the underneath the passenger-side floor mat, and some pills scattered throughout the car.

Riggs was charged with, and convicted by a jury of, possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841 and using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).[1] The court sentenced him to 121 months' imprisonment for the possession count and 60 months for the § 924(c) count, with the sentences to run consecutively. In 1994, we affirmed in an unpublished opinion.

B.

In 1996, Riggs retained George Higgins III to file a motion for collateral relief under § 2255. Higgins never filed the motion; Riggs and Higgins dispute why. According to Higgins, he advised Riggs that they should challenge the § 924(c) conviction based on the intervening decision in *Bailey v. United States*, 516 U.S. 137 (1995).[2] Higgins says that Riggs

wanted to challenge the possession conviction as well and would not allow Higgins to file the motion. According to Riggs, however, Higgins told him that the limitations period did not expire until Riggs began to serve the § 924(c) sentence. Whatever the reason, it is undisputed that Higgins never filed the motion.[3]

Riggs eventually retained new counsel and filed a § 2255 motion in December 2001, nearly five years after the limitations period expired. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a new, one-year statute of limitations on § 2255 motions. Because his conviction was final before the enactment of AEDPA, Riggs had a one-year grace period to file his § 2255 motion. *United States v. Flores*, 135

---

[1] Riggs also was charged with, and convicted by a jury of, conspiracy to possess cocaine with intent to distribute in violation 21 U.S.C. § 846, but the court granted Riggs's motion for acquittal on this count.

[2] In *Bailey*, the Court held that the "use" offense of § 924(c) requires "active employment" of a firearm, not "mere possession." *Bailey*, 516 U.S.
(continued...)

[2](...continued)
at 144. Arguably, this definition would not permit a conviction of Riggs for "using" the pistol, though he might still be convicted for "carrying" it. *See Muscarello v. United States*, 524 U.S. 125, 126-27 (1998) (holding that the "carry" offense of § 924(c) "applies to a person who knowingly possesses and conveys firearms in a vehicle"); *United States v. Brown*, 161 F.3d 256 (5th Cir. 1998) (en banc) (applying harmless error analysis to a defective, pre-*Bailey* jury instruction because a jury finding of (impermissible-after-*Bailey*) passive "use" necessarily included a finding of "carrying"). Riggs's indictment and jury instructions charged him with both using and carrying the pistol.

[3] Riggs also asserts that he wrote repeatedly to Higgins, but Higgins denies receiving any letters from Riggs. Riggs also filed a complaint against Higgins with the state bar disciplinary office. The complaint and Higgins's response are in the record, and we have followed the lead of the parties in using them to describe Higgins's conduct and the dispute between Riggs and Higgins.

F.3d 1000, 1006 (5th Cir. 1998). This period expired on April 24, 1997.[4] Riggs concedes that his motion is untimely.

The district court nevertheless granted the motion and vacated Riggs's § 924(c) conviction. The court found that Higgins erred by advising Riggs "of the wrong time for filing his § 2255 motion." It concluded that this "incorrect legal advice" amounted to ineffective assistance of counsel and warranted equitable tolling of the limitations period. The court granted the motion on the merits, apparently concluding that a reasonable jury would not have convicted Riggs of the § 924(c) count if given a proper, post-*Bailey* instruction.[5]

## II.

The government argues that the district court should not have equitably tolled the statute of limitations because Riggs has alleged, at worst, attorney error or neglect, which is not grounds for equitable tolling. Although we review a decision to invoke equitable tolling for abuse of discretion, *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002),[6] a court by definition abuses its discretion when it makes an error of law, *United States v. Delgado-Nunez*, 295 F.3d 494, 496 (5th Cir. 2002). Concluding that the district court made such an error, we reverse.

Equitable tolling is permitted only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). On the other hand, "counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [petitioner's] habeas petition in the district court within the one-year limitations period." *Fierro*, 294 F.3d at 683. If there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing*, 2002 U.S. App. LEXIS 23381 (5th Cir. Nov. 12, 2002), erased it: "[M]ere attorney error or neglect is not an

---

[4] Although the Supreme Court did not apply *Bailey* retroactively until *Bousley v. United States*, 523 U.S. 614 (1998), we have held that *Bailey* was retroactive on its own terms before *Bousley*. *United States v. Lopez*, 248 F.3d 427, 432 (5th Cir.), *cert. denied*, 122 S. Ct. 222 (2001). Thus, Riggs has no claim to tolling based on a newly recognized right.

[5] The district court seemed concerned that the evidence suggested an equally plausible and innocent inference, namely, that Riggs reached toward the passenger-side floor to hide the pills, not to get the pistol (and thereby reveal his knowledge of its presence), and that Jackson was acquitted of the § 924(c) count. Although we do not reach the merits of Riggs's motion, we observe that a jury concluded that the evidence proved that Riggs was reaching for the pistol and that Jackson was walking outside the car when arrested. Furthermore, we note that, even if Riggs's jury instruction was defective under *Bailey*, this error was susceptible to harmless-error review.

[6] *Fierro* involved a petition for a writ of habeas corpus under 28 U.S.C. § 2254, not a motion of collateral relief under § 2255, but AEDPA added similar one-year statutes of limitations to both sections, which we interpret similarly for the purpose of an equitable doctrine like equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 810 n.5 (5th Cir. 1998). We therefore do not distinguish between § 2255 cases and § 2254 cases in this opinion.

extraordinary circumstance such that equitable tolling is justified." *Id.* at *12.

This holding was long implied in our case-law and should not be surprising. As we noted in *Cousin*, a prisoner has no right to counsel during post-conviction proceedings. *Id.* at *11 (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). This is why our equitable tolling cases do not laboriously apply the familiar test of *Strickland v. Washington*, 466 U.S. 668 (1984): Ineffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's *own* ignorance or mistake does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than we treat a *pro se* litigant's error. *Id.* at *11-*12 (citing *Coleman*, 184 F.3d at 403).[7]

The record contains no evidence that Higgins intentionally deceived Riggs about the statute of limitations for § 2255. The evidence is conflicting on why Higgins did not file the motion in 1996. Riggs asserts that Higgins misunderstood the statute of limitations, whereas Higgins asserts that Riggs refused to let him file the motion. Even if we accept Riggs's version,[8] though, he merely asserts that Higgins committed a very basic and unprofessional error, not that Higgins intentionally deceived him. Moreover, the district court, speaking as it did of Higgins's being "ineffective in advising him" and offering "incorrect legal advice, apparently believed that Riggs had requested equitable tolling based on mere attorney error." Finally, Riggs confirms, in his brief, the lack of evidence of intentional deceit; he can muster only a very tepid and conclusory assertion that Higgins's statements "were *possibly* a deception."[9]

Riggs's assertions, if proven, may warrant professional discipline against Higgins, but they do not warrant equitable tolling of the statute of limitations under our precedents. The district court abused its discretion by finding otherwise. The order granting the § 2255 motion is REVERSED, and the § 2255 motion is DISMISSED.

---

[7] A district court's error in unintentionally misleading a petitioner about the statute of limitations warrants equitable tolling, *United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000), but Riggs does not contend that the district court misled him in any way.

[8] We do have some reason to accept Riggs's version. In his response to Riggs's complaint with the state bar disciplinary office, Higgins stated that he "believe[d] that the *Bailey* motion is still a viable motion to be filed on behalf of [Riggs]."

[9] Riggs also argues that he is actually innocent of the § 924(c) count because the allegedly defective jury instruction did not ensure that the jury convicted him of every element of the crime. More to the point, he argues that actual innocence warrants equitable tolling. The court, however, did not base equitable tolling on this argument. Moreover, "a petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." *Cousin*, 2002 U.S. App. LEXIS 23381, at *13 (citing *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)).