United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No.  03-50007

RAMON SORIANO,

     Petitioner-Appellant,

     v.

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

     Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(02-CV-467)

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

     Petitioner, Ramon Soriano (Soriano), was convicted by a jury
of aggravated robbery.  Soriano's second federal habeas petition
was dismissed as time barred by the district court.  We issued a
Certificate of Appealability (COA) on the issues of (1) whether
Soriano is entitled to equitable tolling of the Antiterrorism and
Effective Death Penalty Act (AEDPA) period of limitations and (2)
whether Soriano's allegation of a facially valid, factually-based

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional claim satisfied the constitutional prong of <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).  We conclude that the court did not abuse its discretion in refusing to equitably toll the AEDPA limitations period and Soriano's federal habeas petition is therefore time barred.  Because Soriano is procedurally barred from bringing this federal habeas petition, we need not address the remaining issue.

I.

In 1995, Ramon Soriano pleaded guilty to two counts of robbery.  Soriano was also convicted by a jury of one count of aggravated robbery.  The aggravated robbery conviction was affirmed on direct review. *Sorriano v. State*, No. 08-95-00208-CR (Tex.App.-El Paso, Sept. 11, 1997).[2]  On March 26, 1998, the Texas Court of Criminal Appeals refused Soriano's Petition for Discretionary Review (PDR).  *Sorriano v. State*, No. 0014-98 (Tex.Crim.App. March 26, 1998).  Soriano did not file a petition for certiorari to the United States Supreme Court; therefore, Soriano's conviction became final on June 24, 1998, 90 days after his PDR was refused.  Sup. Ct. R. 13; 28 U.S.C. § 2244(d)(1)(A).

On December 4, 1998, Soriano filed his first state habeas petition.  This petition was denied on May 24, 2000.  *Ex parte Sorriano*, Application No. 45,374-01 (Tex.Crim.App. May 24, 2000).

---

[2] The petitioner's name is spelled "Sorriano" in all state court documents and "Soriano" in federal court documents.  This discrepancy has no bearing on the outcome of this case.

On July 24, 2000, Soriano filed his first federal habeas petition. On April 23, 2001, the magistrate judge recommended denying relief. Three months later on July 27, 2001, 365 days after filing his federal habeas petition, Soriano filed an Out-of-Time Motion to Amend his habeas petition and add seven new claims. On January 29, 2002, the federal district court granted Soriano's motion and dismissed his petition without prejudice as a mixed petition because Soriano had failed to exhaust the seven new claims added by his July 27 Motion to Amend. *Sorriano v. Johnson*, No. 00-0215 (W.D.Tex. Jan. 29, 2002). Soriano then filed a second state habeas petition which was denied on September 18, 2002. *Ex Parte Sorriano*, No. 45,374-02 (Tex.Crim.App. September 18, 2002).

Following the denial of his second state habeas petition, Soriano filed his second federal habeas petition in September, 2002. The district court concluded that the AEDPA one-year period of limitation within which Soriano was required to file all federal habeas petitions had expired on December 12, 2000,[3] and denied this

---

[3] Soriano's conviction became final on June 24, 1998. 163 days passed between the day after his conviction became final and the day he filed his first state habeas petition on December 4, 1998. The limitations period was tolled while Sorriano's state application was pending. 28 U.S.C. § 2244(d)(2). The period began running again on May 25, 2000, the day after his first state habeas petition was denied. From this date, Soriano had 202 days remaining in the one-year period of limitations. Therefore, Soriano had until December 12, 2000 to file any and all federal habeas petitions.

-3-

petition as time barred. 28 U.S.C. § 2244(d)(1).[4] This court granted Soriano a Certificate of Appealability (COA) on the issues of (1) whether Soriano is entitled to equitable tolling of the AEDPA limitations period and (2) whether Soriano's allegation of a facially valid, factually-based constitutional claim satisfied the constitutional prong of Slack v. McDaniel, 529 U.S. 473 (2000).

## II.

Soriano argues that the district court should have equitably tolled the AEDPA limitations period. The AEDPA limitations period may be equitably tolled "where strict application of the statute would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, the decision whether to equitably toll the AEDPA's limitations provision "is left to the discretion of the district court, and we review such decisions only for abuse of discretion." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). A district court should only employ equitable tolling "in rare and exceptional circumstances." *Davis*, 158 F.3d at 811. Generally, equitable tolling applies only where "the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398,

---

[4] 28 U.S.C. § 2244(d)(1) provides, in pertinent part: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court."

403 (5th Cir. 1999).[5]

The burden of proving that equitable tolling is justified is borne by its proponent. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Soriano has yet to offer any explanation as to why he waited 368 days after he filed his first federal habeas petition before filing a Motion to Amend his petition and add seven new, unexhausted claims. In order for equitable tolling to be applicable, it is necessary that the petitioner have been prevented, through no fault of his own, from asserting his claim. *See Coleman*, 184 F.3d at 403; *Cousin*, 310 F.3d at 848. Soriano has not alleged that this delay resulted because he was misled by the court or the defendant. Nor has Soriano alleged that the unexhausted claims are based on evidence that could not have been discovered prior to the expiration of the limitations period. In fact, other than the section heading claiming his "Entitlement Of Equitable Tolling," Soriano's brief to this court contains

---

[5] We find it important to note that our analysis is limited to whether equitable tolling is applicable to this case. This question is distinct from that of whether a district court should dismiss a mixed petition in its entirety, or simply those claims that are unexhausted, where it is likely that a second federal petition will be time barred. See, e.g., *Nowaczyk v. Warden*, 299 F.3d 69, 71 (1st Cir. 2002); *Zarvela v. Artuz*, 254 F.3d 374, 379–383 (2d Cir. 2001); *Akins v. Kenney*, 341 F.3d 681, 686 (8th Cir. 2003); *Thompson v. Sec'y for Dep't of Corrs.*, 320 F.3d 1228, 1229-1230 (11th Cir. 2003). COA was only granted on the issue of equitable tolling and, therefore, we lack jurisdiction to decide any other issues. *Sonnier v. Johnson*, 161 F.3d 941, 946 (5th Cir. 1998).

absolutely no argument as to why equitable tolling should apply.

Soriano's lack of any explanation as to why he filed a Motion to Amend his timely federal habeas petition to add seven unexhausted claims left the district court with little choice but to conclude that the reason lies in his lack of diligence in pursuing his claim. Equitable tolling is not available to those who do not pursue habeas relief diligently. *Cousin*, 310 F.3d at 848. For these reasons, we find that the district court did not abuse its discretion refusing to equitably toll the AEDPA limitations period.

### III.

The second issue in this appeal is whether Soriano's allegation of a facially valid, factually-based constitutional claim satisfied the constitutional prong of <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). However, we find it unnecessary to address this claim. Because we conclude that Soriano is not entitled to equitable tolling of the AEDPA limitations period, his habeas petition is therefore time-barred, and this issue is moot.

### IV.

For the reasons stated above, we conclude that the district court did not abuse its discretion in refusing to equitably toll the AEDPA limitations period. We find that Soriano has not demonstrated the type of "rare and exceptional circumstances" that would warrant equitable tolling. Accordingly, the ruling of the

district court is affirmed.

AFFIRMED