United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60881
Summary Calendar
_____

WILLIAM ANTONIO WILSON,

Petitioner-Appellant,

versus

DOLAN WALLER, Warden Wilkinson County Correctional Facility;
CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-811
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Antonio Wilson, Mississippi prisoner # R6861, moves

this court for a certificate of appealability (COA) to appeal the

denial of a FED. R. CIV. P. 60(b) motion. Wilson initially filed

a 28 U.S.C. § 2254 petition challenging his convictions for

murder and aggravated assault. The district court dismissed the

petition as barred by the one-year limitations period of 28

U.S.C. § 2244(d). Wilson then filed his Rule 60(b) motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief from the judgment dismissing his § 2254 petition as time barred.

Wilson did not attempt to use his Rule 60(b) motion to add a new habeas claim or to attack the federal court's resolution of a claim on the merits; he instead asserted that the district court's determination that his § 2254 petition was time barred was incorrect. Therefore, a COA is not necessary. See Gonzalez v. Crosby, 545 U.S. 524, 532 & n.4 (2005; Dunn v. Cockrell, 302 F.3d 491, 492 & n.1 (5th Cir. 2002); 28 U.S.C. § 2253(c)(1). Accordingly, the motion for a COA is denied as unnecessary.

Wilson argues that the district court's denial of his Rule 60(b) motion was an abuse of discretion. Relying on the affidavit of his sister, which he contends is newly discovered evidence, Wilson argues that he is entitled to equitable tolling of the limitations period because the failure of his retained attorney to file a post-conviction motion resulted in his § 2254 petition being untimely.

Wilson's contention that he is entitled to equitable tolling due to the failure of his attorney to file his state habeas petition is unavailing. This court has previously rejected such an argument. See Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) ("mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); Salinas v. Dretke, 354 F.3d 425, 432 (5th Cir. 2004) (same).

Wilson has failed to show that the district court abused its discretion in denying his Rule 60(b) motion.  <u>See</u> <u>Warfield v. Byron</u>, <u>436 F.3d 551, 555</u> (5th Cir. 2006).  Accordingly, the district court's denial of Rule 60(b) relief is affirmed.  <u>See id.</u>

MOTION FOR COA DENIED AS UNNECESSARY; AFFIRMED.