# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2009

Charles R. Fulbruge III
Clerk

No. 07-51496
Summary Calendar

DARRYL LEE PRINCE

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-874

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Darryl Lee Prince ("Prince"), Texas prisoner #698044, was found guilty of murder and was sentenced to 70 years in prison. He has filed a 28 U.S.C. § 2254 petition challenging this conviction, arguing in relevant part that trial counsel rendered ineffective assistance of counsel by not sufficiently challenging the State's scientific evidence. Prince recognizes that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition is not timely under 28 U.S.C. § 2244(d)(1), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." He seeks equitable tolling to excuse the untimeliness of his petition. This court granted a certificate of appealability on the following four issues:

(1) Whether a showing of actual innocence may equitably toll the statute of limitations;

(2) If a showing of actual innocence may toll the limitations period, whether Prince has made such a showing;

(3) Whether, in addition to showing actual innocence, a prisoner must also pursue relief diligently for equitable tolling to apply; and

(4) If diligence is required, whether Prince acted diligently.

## DISCUSSION

Prince contends that the statute of limitations should be equitably tolled because he is actually innocent. The one-year limitations period can be equitably tolled only in rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's claims of actual innocence are [not] relevant to the timeliness of the petition." *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002) (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)) (brackets in *Riggs*). There is no precedent in this circuit whether actual innocence may equitably toll the statue of limitations.[1] Because Prince has not made a showing of actual innocence, this court does not address the issue.

Under the *Schlup* standard, to make a showing of actual innocence a petitioner must demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the newly presented evidence. *Schlup*

---

[1] To date, only the Sixth Circuit has ever applied the doctrine of equitable tolling after finding the petitioner "actually innocent." *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

*v. Delo*, 513 U.S. 298, 327 (1995).[2] Prince fails to meet this burden. The undisputed facts show that Leilah Nentwidh ("Nentwidh"), the victim, fell under Prince's truck. Prince alleges that Nentwidh was suicidal and leapt out of the truck while it was moving and rolled underneath the back, right tire. The State contends that Prince hit and ran over Nentwidh with his truck.

The State presented several pieces of scientific evidence showing that (1) Nentwidh was struck by the front of the vehicle while she was standing; (2) her torso injury was "L-shaped" and corresponded almost exactly to the right-front headlight of the truck, which was cracked; (3) a dent in the hood of the truck was consistent with her head injury; and (4) that Prince's story was scientifically impossible. As to the fourth point, State experts conducted several re-enactments using a test-dummy. They found that, absent an external force on the victim's body, it was physically impossible for a body, after throwing itself out of a moving vehicle, to roll back under the same vehicle. In addition, the State presented evidence that Prince acted violently toward Nentwidh and attempted to dispose of evidence by having his truck power-washed and cremating Nentwidh's body.

Prince's habeas petition largely repeated factual assertions made at trial: that Nentwidh was suicidal and that the dent on his truck was caused at another time. He also brought forth new expert testimony stating that (1) the State's re-enactment testing was flawed because the test-dummy did not perfectly approximate a human body and (2) the State pathologist's expert opinion that the dent in the hood was the result of the victim's head striking the hood was incorrect. Even assuming that Prince's expert testimony is undisputably correct, Prince still fails to meet his burden under *Schlup*. Prince's

---

[2] While the Supreme Court has never held that actual innocence might justify equitable tolling, the Court developed the *Schlup* test in other contexts. Thus, the *Schlup* test would be applicable should actual innocence be found to justify equitable tolling. The Sixth Circuit used the *Schlup* test when applying equitable tolling. *Souter*, 395 F.3d at 590, 599-602.

expert offers no affirmative evidence or testimony that Prince's version of events was scientifically possible, only that the State's scientific testing process was imperfect. Indeed, Prince's expert specifically could not testify as to whether it was possible for Nentwidh's body to roll under a truck after jumping from it. Further, Prince offers no new evidence rebutting the State's other scientific experts and other circumstantial evidence. Accordingly, even with Prince's new expert evidence, there remains ample evidence for a reasonable juror to convict Prince. Prince fails to meet the *Schlup* test.

## CONCLUSION

As Prince has not made a showing of actual innocence, this court does not address whether actual innocence may equitably toll the statute of limitations under 28 U.S.C. 2244(d)(1). Accordingly, Prince's habeas petition is untimely and barred by the statute of limitations. Consequently, the judgment of the district court denying Prince habeas relief is AFFIRMED.