# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2010

No. 08-11009

Lyle W. Cayce
Clerk

CLIFFORD MEDLEY

Petitioner – Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CV-0051

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The petitioner, Clifford Scott Medley, appeals the dismissal of his habeas petition as untimely filed. He argues that his unsuccessful efforts to mail his habeas petition through his prison mail room prior to the expiration of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *see* 28 U.S.C. § 2244(d), entitle him to the benefits of the mailbox

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-11009

rule or equitable tolling of the statute of limitations; and therefore, we should treat his petition as having been timely filed. We conclude that Medley's failure to timely mail his petition through his prison mail room resulted from his failure to comply with a reasonable prison regulation and that he is therefore entitled to neither the benefit of the mailbox rule nor equitable tolling. Accordingly, we AFFIRM.

## BACKGROUND

In March 2002, Medley was convicted of murder and sentenced to forty years imprisonment. On appeal, his conviction was affirmed, and, on November 7, 2005, the Supreme Court denied Medley's petition for certiorari. *Medley v. Texas*, 546 U.S. 1002 (2005). For the purposes of AEDPA, this was the date on which Medley's conviction became final. *See Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002). Thus, under AEDPA, absent tolling, Medley had until November 7, 2006, to file a federal habeas petition. He did not file a state habeas petition or any other form of collateral attack on his conviction until January 9, 2007. Therefore, no statutory tolling applied. *See* 28 U.S.C. § 2244(d)(2). His instant federal petition, pursuant to 28 U.S.C. § 2254, was mailed by a third party, Medley's mother, from outside the prison system and not filed until March 21, 2007. Accordingly, the district court concluded that it was filed outside of AEDPA's one-year statute of limitations and dismissed the petition.

Medley contended below, and argues on appeal, that his petition should have been considered timely filed because of the mailbox rule. He claims that he originally submitted his petition to his prison mail room on October 31, 2006. Thus, he argues that under the mailbox rule, it should have been considered filed as of that date, eight days prior to AEDPA's one year deadline. In the alternative, he argues that he is entitled to equitable tolling for the period between when he originally submitted his petition to the prison mail room and

2

the date on which it was actually filed, March 21, 2007, which would also make his petition timely filed.

Medley acknowledges that when he submitted his petition to the prison mail room, he did so with a request that the petition be held pending prison authorities deducting the $5 filing fee from his prison account and transmitting the fee to the prison mail room, so that the mail room staff could combine the fee with the petition and mail them together. He further acknowledges that the petition was returned to him on November 4, 2006, three days prior to the AEDPA deadline, on the ground that the mail room was not allowed to hold the petition pending receipt of the filing fee. Instead, prison procedures required that Medley mail the petition without the filing fee and then separately request that the filing fee be withdrawn from his prison account and sent to the court.

Medley argues that his failure to comply with this prison mail regulation should be excused, and thus his petition should be considered to have been properly submitted to the prison mail room, because the regulation was unreasonable. Specifically, he argues that the prison mail regulation is in conflict with Rule 3(a) of the Rules Governing Section 2254 Cases in the District Courts. Rule 3(a) states that "[a]n original and two copies of the petition must be filed with the clerk and must be accompanied by: (1) the applicable filing fee, or (2) a motion for leave to proceed in forma pauperis." Relatedly, he notes that the United States District Court's form for filing a "writ of habeas corpus by a person in state custody" states that "[w]hen the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order."

He also explains that a number of circumstances outside his control stood in the way of his properly filing his petition. He states that the prison mail room staff informed him that a prisoner may request his or her petition be held pending the withdrawal of the filing fee and that the fee be mailed with the petition. He also states that the same staff told him that his petition would be

found non-compliant by the court if it was not mailed together with the fee. Slightly contradicting himself, he further states that the mail room staff referred him to the prison library staff to determine whether he could file his petition and fee separately. He continues that the prison library staff and a prison official informed him that they could not provide legal advice, and instructed him to read Rule 3(a) and do what he believed was required. They also instructed him that if he concluded that he needed to mail his fee with his petition, he would have to hire an attorney in order to avoid the prison mail room's requirements. Medley submitted requests to prison officials to modify the mail regulation so that he could mail his fee with his petition. These requests went unanswered.

Medley subsequently attempted to find someone in the "free world" who would mail his petition with his filing fee. In the interim, he filed a state habeas petition believing that this would toll the statute of limitations of his federal habeas petition. He eventually mailed his federal petition to his mother, along with a motion to stay and abate proceedings. His mother mailed both documents with the filing fee to the district court. It was that version of the federal petition that was eventually filed on March 21, 2007.

After considering the arguments above, a magistrate judge concluded that Medley was not entitled to the benefits of the mailbox rule for his October 31, 2006 submission of his petition to his prison mail room. The magistrate judge explained that Medley had "failed to follow proper prison procedure and his mailing was rejected," and therefore the mailbox rule did not apply. The magistrate judge went on that "to the extent petitioner argues he is entitled to equitable tolling in light of his efforts to contact prison authorities and mail his federal petition, such a claim is without merit. . . . Even accepting petitioner's representations as true, he waited until the end of October of 2006, only days before the AEDPA deadline and more than two months before filing his state habeas petition, to even attempt to mail the federal petition. Such inaction by

No. 08-11009

a petitioner for almost an entire year disqualifies this case [from] any equitable tolling." Over Medley's objections, the district court adopted the magistrate judge's Report and Recommendation in full. This court granted a Certificate of Appealability ("COA") on two issues: (1) whether "the district court was correct in its procedural ruling that Medley was not entitled to the benefit of the mailbox rule" and thus his petition was filed outside AEDPA's statute of limitations; and (2) whether, in light of Medley's attempt to file his petition in a timely fashion under the mailbox rule, the district court was correct in denying Medley equitable tolling of the statute of limitations.[1]

## STANDARD OF REVIEW

"The decision of a district court to deny a habeas application on procedural grounds is reviewed de novo." *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007). "However, we review a district court's decision to deny equitable tolling for abuse of discretion and its factual findings for clear error." *Id*. (citation omitted).

## DISCUSSION

*1) Whether Medley's October 31 Submission of His Petition to the Prison Mail Room is Entitled to the Benefits of the Mailbox Rule*

Pro se prisoners' filings are governed by the mailbox rule. Thus, they are deemed "filed as soon as the pleadings have been deposited into the prison mail system." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988) and *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995)). We have held that this rule should be enforced "even if the *pro se* litigant

---

[1] On appeal, Medley raises a number of other bases on which he believes he is entitled to equitable tolling, including the alleged bias of a state court judge reviewing his case, the unlawfulness of certain provisions of the Texas constitution, and the unlawfulness of how AEDPA's statute of limitations is calculated. A COA is required before this court has jurisdiction to consider these arguments. 28 U.S.C. § 2253(c). As a COA was not granted on these claims, we do not address them here.

No. 08-11009

has not paid the required filing fee at the time the petition is turned over for mailing." *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002). However, this court has also stated that the mailbox rule "[does] not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner." *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) (quoting *Thompson v. Raspberry*, 993 F.2d 513, 514 (5th Cir. 1993)) (internal quotation marks omitted). Accordingly, "[f]ailure to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail does not constitute compliance with this standard" and thereby does not entitle one's submission to the benefits of the mailbox rule. *Id.* (quoting *Thompson*, 993 F.2d at 514) (emphasis removed and internal quotation marks omitted).

Based on these principles, the mailbox rule does not apply to Medley's October 31 submission of his habeas petition to his prison mail room. Neither party contests that Medley failed to comply with the prison's regulation for mailing his habeas petition. Therefore, his petition was not accepted by the mail room and was returned to Medley. Contrary to Medley's request that his petition be held so that it could be combined with his filing fee, the regulation required that the petition be mailed separately from the filing fee and mandated that the petition could not be held pending the withdrawal of the fee from Medley's prison account.

Thus, as long as this regulation was "reasonable," Medley cannot obtain the benefits of the mailbox rule. *See Dison*, 20 F.3d at 187. What constitutes a "reasonable" prison regulation is not defined in this court's case law and we need not define it here, because the prison's regulation is reasonable under any understanding of the word. Under the mailbox rule as articulated in *Cousin*, the prison's requirement that a prisoner mail his habeas petition separate from his filing fee in no way interferes with the prisoner's ability to timely file a habeas

6

No. 08-11009

petition. We would have considered Medley's petition timely filed had he submitted his petition to his prison mail room without the filing fee, but prior to the expiration of the AEDPA statute of limitations. *Cousin*, 310 F.3d at 847.

Although Rule 3(a) of the Rules Governing Section 2254 Cases in the District Courts states that a petition must be accompanied by the filing fee, the Advisory Committee notes for the 2004 amendments to Rule 3(b) state that "the clerk would also be required, for example, to file the petition even though it lacked the requisite filing fee or an *in forma pauperis* form." Similarly, our court has stated that the mailbox rule "constitutes an exception" to Rule 3's requirements; thus a pro se prisoner like Medley need not mail his fee with his petition in order for it be treated as filed.[2] *Cousin*, 310 F.3d at 847. Therefore, Medley was able to comply with the requirements of both Rule 3(a) and the prison regulation.

Moreover, the regulation has clear administrative benefits: It relieves the prison of the need to keep track of un-mailed petitions and the responsibility to ensure that the fee is properly submitted with the petition. Therefore, as it does not improperly burden a prisoner's filing of his or her habeas petition, and it serves a positive purpose, the mail regulation is reasonable. Based on our holding in *Dison* that the mailbox rule will not be applied if the petitioner fails to comply with a reasonable prison regulation, Medley's October 31, 2006, submission of his petition is not entitled to the benefits of the mailbox rule and thus his petition cannot be considered timely filed on that basis.

*2) Whether Medley is Entitled to Equitable Tolling*

---

[2] Further, the Third and Seventh Circuits have interpreted Rule 3(a) to mean that its requirement that the fee accompany the petition should only be understood as a demand that the "'fee or IFP application'" follow "'within a reasonable time after the petition.'" *Harris v. Vaughn*, 129 F. App'x 684, 689-90 (3d Cir. 2005) (unpublished) (quoting *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999)).

No. 08-11009

The Supreme Court recently stated, consistent with this court's precedent, that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). In doing so, it adopted the established standard for determining whether equitable tolling applies: "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). While the Court stated that the question of what is an "extraordinary circumstance" necessarily involved a "fact-intensive" inquiry, *id.* at 2565, it went on to explain that the facts of *Holland* "may well" provide a useful example of an extraordinary circumstance, *id.* at 2564. In *Holland*, the Court detailed, Holland's attorney "failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. [The attorney] apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. [The attorney] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And [the attorney] failed to communicate with his client over a period of years, despite various pleas from Holland." *Id.*

In light of this example, and thus, the apparently exacting demands for demonstrating an "extraordinary circumstance," we cannot say that the district court abused its discretion in denying Medley equitable tolling of AEDPA's statute of limitations. Medley's petition was not timely filed because he failed to comply with a prison regulation which, as detailed above, was reasonable given a proper understanding of the law. Taking Medley's arguments as true, he received inaccurate advice from the prison mail room staff, which caused him to fail to re-submit his petition to the prison mail room in compliance with the

prison regulation. However, this circumstance is significantly different from the facts of *Holland,* as the mail room staff, unlike a prisoner's attorney, do not have the duty to represent the prisoner's interests. Moreover, unlike in *Holland*, Medley acknowledges that the mail room staff also gave Medley correct advice, to speak with the prison law library staff. The prison law library staff instructed Medley to read Rule 3. Had he read the notes following the rule, he would have been made aware that he could have mailed his petition without the fee. Alternatively, had Medley read this court's decision in *Cousin*, he would have realized that he could have filed his petition without his fee. Therefore, the circumstances that stood in Medley's way were largely of his own making and significantly different from the extraordinary circumstance that *Holland* indicates is required for equitable tolling. *See Howland*, 507 F.3d at 846 (stating that neither ignorance of the law nor the failure to properly file a petition entitled a prisoner to equitable tolling). Thus, we cannot say that the district court abused its discretion in refusing Medley equitable tolling.

Medley cites a number of cases that he claims establish that "legal confusion" entitles a petitioner to equitable tolling. Those cases are not on point. In *Solomon v. United States*, the Sixth Circuit held that a prisoner was entitled to equitable tolling, in part because he could not obtain the necessary access to the law library, not because he did not understand the law. 467 F.3d 928, 933-34 (6th Cir. 2006). There is no indication that Medley was unable to obtain a copy of Rule 3 and its Advisory Committee notes or access this court's case law on the mailbox rule. In *Lawrence v. Florida*, the Supreme Court *denied* equitable tolling when a prisoner failed to follow clearly established law, even though the procedural posture of his case created confusion as to the filing deadline and his attorney failed to properly calculate the end date of the statute of limitations. 549 U.S. 327, 336-37 (2007). *Lawrence* thus supports our conclusion that the circumstances of this case do not merit equitable tolling.

No. 08-11009

## CONCLUSION

Medley failed to timely file his habeas petition because he failed to comply with a reasonable prison regulation. Those failures were a product of his own misunderstanding of the law. Accordingly, his initial submission of his habeas petition to his prison mail room is not entitled to the benefit of the mailbox rule nor is Medley entitled to equitable tolling of the AEDPA statute of limitations. Therefore, we AFFIRM the judgment of the district court.