**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 29, 2011

Lyle W. Cayce
Clerk

No. 10-60547
Summary Calendar

KIRBY TATE,

Petitioner-Appellant

v.

WARDEN JERRY PARKER,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:06-CV-99

Before KING, BENAVIDES and ELROD, Circuit Judges.

PER CURIAM:[*]

Kirby Tate, Mississippi prisoner # 23450, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Tate argues that although his petition was untimely on its face, newly discovered evidence establishing his actual innocence triggers the statutory limitations found in 28 U.S.C. § 2244(d)(1)(D) or entitles him to equitable tolling. Additionally, Tate asserts that he is entitled to statutory tolling pursuant to § 2244(d)(1)(B) because state-created impediments prevented him from timely filing his petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60547

This court reviews the district court's denial of a habeas petition on procedural grounds de novo. *Butler v. Cain*, 533 F.3d 314, 316 (5th Cir. 2008). The district court concluded that the only truly new evidence included two affidavits from former State witness Gerald Warren recanting his testimony against Tate and a transcript of the digitally recorded interview. Although Tate states that the district court erred, he provides no further factual or legal authority to support this conclusion. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (stating that conclusional allegations fail to establish a valid claim). Also, Tate does not address the district court's findings that the new evidence provides no factual predicate for his pre-existing eight claims, and that Tate has not exhausted the remaining ninth claim of actual innocence in state court. Accordingly, Tate has waived this issue. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Tate is not entitled to equitable tolling because he fails to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474-75 (5th Cir. 2010). The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000). Moreover, none of these circumstances would have prevented Tate from filing a timely petition had his lawyer not miscalculated the correct date that the limitations period would expire. Such a miscalculation is "a garden variety claim of excusable neglect" that does not warrant equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010). Therefore, Tate cannot demonstrate that the district court abused its discretion in concluding that he

was not entitled to equitable tolling.[1] *See Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004).

Finally, Tate does not provide sufficient facts to show that (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Instead, the record indicates that Tate's attorney failed to file a timely petition simply because she miscalculated the limitations deadline. Accordingly, Tate has not shown that the district court erred in concluding that the facts did not warrant statutory tolling. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) ("Rather, he must also show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition.").

The judgment of the district court is AFFIRMED. Tate's motion to file his record excerpts under seal is GRANTED, IN PART, to seal the individual affidavits included in the record excerpts. Tate's motion to file record excerpts in excess of 40 pages is likewise GRANTED.

---

[1] Tate also argues that actual innocence warrants equitable tolling. We have held that claims of actual innocence do not "justify equitable tolling of the limitations period." *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002). *See also U.S. v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002).