[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 06, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-10642

_____

D. C. Docket No. 01-02457 CV-WPD

WILLIAM LEE THOMPSON,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS, James Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 6, 2003)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

In 1976, William Lee Thompson was sentenced to death for kidnaping, raping and murdering Sally Iverson. Thompson's case then traveled for many years through the state and federal courts on different prayers for relief. Thompson most recently filed an appeal from the denial of his motion for post-conviction relief and a habeas petition to the Florida Supreme Court. On 13 April 2000, the Florida Supreme Court affirmed the trial court's summary denial for relief and also denied habeas relief. Thompson v. State, 759 So. 2d 650, 668 (Fla. 2000). Thompson's petition for rehearing was denied on 13 June 2000.

Exactly one year after his exhausted claims became final in the Florida courts -- 13 June 2001 -- Thompson filed a petition for habeas relief in the federal courts. In addition to many exhausted claims, Thompson presented two unexhausted claims to the district court. One unexhausted claim related to the recent passage of a Florida statute prohibiting the execution of mentally retarded people. Fla. Stat. § 921.137 (2001). That statute was enacted only one day before Thompson filed his federal habeas petition; and he claims, no opportunity existed to challenge the statute in state court before his federal petition was due under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §

2

2244. The second unexhausted claim advanced an argument that execution of mentally retarded people violated the U.S. Constitution.[1]

Thompson moved the district court to hold the federal habeas proceedings in abeyance pending exhaustion of his two unexhausted claims in state court. Thompson recognized his petition was one which impermissibly "mixed" exhausted and unexhausted claims. But Thompson argued he had no choice except to file a mixed petition to meet the one-year filing deadline of AEDPA and to preserve review of the exhausted claims.

To avoid more delay before reaching finality, the district court denied Thompson's motion to stay the habeas proceedings. The district court presented Thompson with an election of remedies: abandon the unexhausted claims and proceed on the exhausted claims, or suffer dismissal of the entire petition as a mixed petition. When the district court offered the alternative remedies, it also noted the possibility that the constitutional complaint against executing mentally retarded people might later be a permissible second or successive habeas petition.

---

[1] Thompson asserts that this claim was predicated on McCarver v. North Carolina, 121 S.Ct. 1221 (2001), where the Supreme Court stayed an execution pending review of a petition for certiorari on the issue of executing the mentally retarded. The McCarver matter was later mooted, however, when North Carolina passed a statute forbidding execution of mentally retarded people. N.C. Gen. Stat. § 15A-2005 (eff. Oct. 1, 2001). But the Supreme Court had already granted certiorari on a similar issue in Atkins v. Virginia, 122 S.Ct. 24 (2001), and later determined that the Constitution protects mentally retarded people from execution, 122 S.Ct. 2242 (2002).

Thompson, all the while represented by counsel, made no affirmative election of the remedies offered by the district court; and the district court dismissed without prejudice the mixed petition. Thompson argues on appeal that the district court abused its discretion by refusing to stay the proceedings pending exhaustion of all his claims in state court.[2]

Even if we assume, for the sake of discussion, that the district court had discretion <u>not</u> to dismiss the mixed petition, we conclude there was no abuse of that discretion.[3] This litigation had been going on for decades. In addition, a district court could reasonably believe that these unexhausted claims might properly be brought later in a second or successive petition.[4] Given the nature of

---

[2] Thompson also asks us to apply preemptively equitable tolling to the exhausted claims, effectively precluding a later judgment of untimeliness on those claims. We decline to apply anticipatorily equitable tolling to a situation that is not yet before us.

[3] The Supreme Court determined -- in a case that pre-dated AEDPA -- that mixed petitions should be dismissed so that unexhausted claims might be exhausted in the state courts. <u>Rose v. Lundy</u>, 102 S.Ct. 1198, 1205 (1982). Because the district court arrived at the same result in an exercise of its discretion, we offer no comment on whether <u>Rose</u> compels dismissal of mixed petitions in the AEDPA-era. We note the Second Circuit, which concluded that a stay of exhausted claims is the preferable course when facing mixed petitions after AEDPA, ultimately vests the district courts with discretion to decide the issue. <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380 (2d Cir. 2001), <u>cert. denied</u>, 122 S.Ct. 506 (2001).

[4] This observation is no prediction of whether or not Thompson will be permitted to bring these claims later in a second or successive habeas petition. No such issue is before us. But we note that one unexhausted claim was based on a state statute enacted only one day before Thompson filed his habeas petition, arguably precluding an earlier challenge by Thompson in the state courts. And the second unexhausted claim involved the execution of the mentally retarded, which may possibly be reviewable after Thompson's warrant for execution is issued. For background, see <u>Stewart v. Martinez-Villareal</u>, 118 S.Ct. 1618, 1621 (1998).

4

the unexhausted claims, it was especially reasonable to place this habeas petitioner -- who was represented by counsel -- in the position of choosing between dismissal of his entire petition or voluntary dismissal of his unexhausted claims, claims which might not have been forfeited anyway. There was no abuse of the district court's discretion.

AFFIRMED.