[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Feb. 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14660

_____

D. C. Docket No. 01-02457 CV-DIMITROULEAS

WILLIAM LEE THOMPSON,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 25, 2008)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

William Lee Thompson ("Petitioner") appeals the district court's denial of

his petition for relief pursuant to 28 U.S.C. § 2254.  Petitioner contends that his

Eighth and Fourteenth Amendment rights were violated by the state's use of non-statutory aggravating factors during the penalty phase of his trial and by an alleged doubling of aggravating factors. Petitioner also maintains that his execution after serving over 30 years on death row constitutes cruel and unusual punishment. We affirm the district court's decision.

Background

The details of Petitioner's crime and the case's procedural history are set forth in the Florida Supreme Court's opinion denying the state petition for writ of habeas corpus and affirming the trial court's order denying post-conviction relief. See Thompson v. State, 759 So. 2d 650, 653-56 (Fla. 2000). Briefly stated, Petitioner was indicted in 1976 for the kidnaping, involuntary sexual battery, and first-degree murder of Sally Ivester; and Petitioner pleaded guilty to the charges. After his first two death sentences were vacated,[1] Petitioner again was sentenced

---

[1] Petitioner was first sentenced to death on 24 June 1976. The Florida Supreme Court allowed Petitioner to withdraw his guilty plea on the grounds that Petitioner entered into the plea based on a failure of communication with the trial judge or misunderstanding of the facts. Thompson v. State, 351 So. 2d 701, 701 (Fla. 1977). Petitioner again pleaded guilty and was sentenced to death. This sentence was later vacated by the Florida Supreme Court on the grounds that the sentencing judge failed to allow for the consideration of non-statutory mitigating circumstances. Thompson v. Dugger, 515 So. 2d 173, 175-76 (Fla. 1987). The case was remanded for resentencing. Id.

to death in 1989. The death sentence was affirmed, Thompson v. State, 619 So. 2d 261 (Fla. 1993); and the United States Supreme Court denied certiorari, Thompson v. Florida, 114 S. Ct. 445 (1993).

In November 1995, Petitioner filed a motion in state court for post-conviction relief that asserted 45 claims relating to all of his prior proceedings. The trial court denied the motion, but the matter was reopened to hear argument on whether an evidentiary hearing was required under Huff v. State, 622 So. 2d 982 (Fla. 1993). After concluding that a Huff hearing was not required, the trial court summarily denied the motion for post-conviction relief. Petitioner appealed this denial and also filed a state petition for writ of habeas corpus. Thompson v. State, 759 So. 2d 650, 655 n.4, 656 n.5 (Fla. 2000). The Florida Supreme Court affirmed and denied habeas relief. Id. at 668.

Petitioner filed the instant federal section 2254 petition in 2001. The petition was first dismissed as a mixed petition. We affirmed the dismissal. Thompson v. Sec'y for the Dep't of Corr., 320 F.3d 1228 (11th Cir. 2003). Petitioner sought a writ of certiorari in the United States Supreme Court; and in 2005 the Supreme Court vacated the judgment and remanded in the light of its

decision in <u>Rhines v. Weber</u>, 125 S. Ct. 1528 (2005).[2] <u>Thompson v. Crosby</u>, 125 S. Ct. 1722 (2005).  We, in turn, remanded to the district court to reconsider in the light of <u>Rhines</u>.  <u>Thompson v. Sec'y for the Dep't of Corr.</u>, 425 F.3d 1364 (11th Cir. 2005).

Petitioner elected to dismiss his unexhausted claims. The district court determined that no evidentiary hearing was necessary because only issues of law were raised.  Then, the district court denied all claims for relief.  A certificate of appealability was granted by the district court on two of the 24 claims: (1) that non-statutory aggravating factors were considered in sentencing Petitioner to death[3] and (2) that executing a person who has been on death row for 30 years constitutes cruel and unusual punishment.[4]

---

[2]Briefly stated, <u>Rhines</u> concluded that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the unexhausted claims to be presented first in state court.

[3]Petitioner specifically alleges that three non-statutory aggravating factors were presented to the jury: (1) Petitioner's false testimony at his co-defendant's trial, (2) that Petitioner had been sentenced to death in the earlier two penalty phases, and (3) evidence of uncharged crimes.

[4]We have denied Petitioner's motion to expand the certificate of appealability.

Discussion

In this appeal and in his petition for federal section 2254 relief, Petitioner raises two claims of error: (1) his Eighth and Fourteenth Amendment rights were violated both by the presentation of non-statutory aggravating factors to the penalty-phase jury and by the failure to instruct the jury that aggravating factors cannot be "double counted"; and (2) imposition of the death penalty after 31 years on death row would violate Petitioner's Eighth Amendment right against cruel and unusual punishment. Because we conclude that Petitioner's claims are either procedurally defaulted or without merit, we affirm the district court's denial of relief.

I. Aggravating Factors

We conclude that Petitioner's claim about the presentation of non-statutory aggravating factors to the jury is barred. The claim about the failure to instruct the jury not to double the aggravating factors is also barred. Where a state prisoner

> has defaulted his federal claims in state court pursuant to an
> independent and adequate state procedural rule, federal habeas review
> of the claims is barred unless the prisoner can demonstrate cause for

the default and actual prejudice . . . , or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). Because the Florida Supreme Court concluded that Petitioner's claims were procedurally barred and because Petitioner has failed to establish a reason why we should excuse the procedural bar, we affirm the district court's denial of relief.

On direct appeal, Petitioner contended that the introduction in Petitioner's trial of his prior testimony at his co-defendant's trial violated his rights to due process and a fair trial under the Fifth and Fourteenth Amendments. Petitioner argued that either the jury was deliberately misled by the State about the truth of the prior testimony—which the state had reason to believe was false—or the jury was permitted to consider evidence that was impermissible under Florida Rules of Evidence. The Florida Supreme Court disagreed with Petitioner's arguments, concluded that Petitioner's prior inconsistent testimony was admissible under section 90.801(2)(a) of the Florida Statutes, and affirmed the death sentence. Thompson, 619 So. 2d at 265-66.

In his claim for state post-conviction relief, Petitioner again raised the argument that admission of his prior testimony was erroneous; but, instead of claiming that the state violated his due process rights when it benefited from the

6

intentional admission of false testimony, Petitioner argued that the consideration of non-statutory factors violated his Eighth Amendment rights "and prevented the constitutionally required narrowing of the sentencer's discretion." Petitioner also referenced two additional non-statutory aggravating factors that he contended were presented to the jury and asserted that the jury was not instructed to avoid double counting.

The Florida Supreme Court concluded that Petitioner's new arguments were procedurally barred, stating "it is improper to relitigate issues asserting slightly different arguments."[5] Thompson, 759 So. 2d at 657 n.6, 667 n.11.

Petitioner contends that the procedural bar should be excused because, "to the extent that direct appeal counsel failed to raise the nonstatutory aggravators . . . , counsel rendered ineffective assistance of counsel." For a claim of ineffective assistance of counsel to serve as cause to overcome a procedural bar, the claim of ineffectiveness must be meritorious. Edwards v. Carpenter, 120 S. Ct. 1587, 1591-92 (2000). Here, the Florida Supreme Court has rejected on the merits Petitioner's claims of ineffective assistance. Thompson, 759 So. 2d at 657 n.6,

---

[5]That the court alternatively rejected Petitioner's claims on the merits does not disturb the procedural bar. See Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.").

666-67. Because this rejection was not contrary to, nor an unreasonable application of, clearly established law, we conclude that Petitioner's argument for cause is without merit. As such, Petitioner's claim on the consideration of nonstatutory aggravating factors is procedurally barred.

## II. Prolonged Confinement

Petitioner alleges that his execution after confinement for 31 years on death row would constitute cruel and unusual punishment. The State contends that Petitioner's argument is unexhausted, procedurally barred, and without merit. We agree with the State that Petitioner's claim is unexhausted and does not merit relief.

In general, a federal court may not grant habeas corpus relief based upon claims that are unexhausted in state court.[6]

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to

---

[6]"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A).

8

resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1732 (1999).

Here, Petitioner did not raise the issue of his prolonged confinement when he appealed the denial of his petition for post-conviction relief to the Florida Supreme Court.[7] As such, the claim is unexhausted. We may, however, deny Petitioner's petition for habeas relief on the merits regardless of his failure to exhaust the claim in state court. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").[8]

Petitioner can identify no case in which the Supreme Court has held that prolonged confinement on death row violates a prisoner's constitutional rights. The only Supreme Court acts involving this issue are denials of petitions for writs of certiorari. See, e.g., Allen v. Ornoski, 126 S. Ct. 1139 (2006) (denying

---

[7]Petitioner first raised this claim in his motion for post-conviction relief in state court. At that time, Petitioner had been on death row for nineteen years. Petitioner argued that he "endured a needlessly lingering form of torturous psychological punishment." But Petitioner did not advance this claim when he appealed the state court's denial of relief to the state's high court.

[8]The State argues that Petitioner's claim is procedurally barred in Florida state court because a claim abandoned on appeal is barred from being raised in a successive motion for post-conviction relief. The State says exhaustion would be futile and this Court should deny Petitioner's claim. Because § 2254(b)(2) authorizes this Court to deny Petitioner's claim on the merits, we do not address the issue of whether the claim is barred under Florida state procedural law.

certiorari where the petitioner had been on death row for 23 years).  The state

circuit court, in denying Petitioner's motion for post-conviction relief, relied on

Lackey v. Texas, 115 S. Ct. 1421 (1995), in which the Supreme Court denied a

petition for writ of certiorari where the plaintiff alleged that a 17-year confinement

on death row was a violation of his Eighth Amendment rights.  The district court

also noted that Petitioner cannot point to a decision of the Supreme Court that

warrants relief.

Especially given the total absence of Supreme Court precedent that a

prolonged stay on death row violates the Eighth Amendment guarantee against

cruel and unusual punishment, we conclude that execution following a 31-year

term of imprisonment is not in itself a constitutional violation.  As the Ninth

Circuit noted, "Numerous other federal and state courts have rejected Lackey

claims." Allen v. Ornoski, 435 F.3d 946, 959 (9th Cir. 2006), cert. denied, 126 S.

Ct. 1140 (2006) (citing cases); see, e.g., Chambers v. Bowersox, 157 F.3d 560,

568, 570 (8th Cir. 1998) (noting that death row delays do not constitute cruel and

unusual punishment because delay results from the "desire of our courts, state and

federal, to get it right, to explore . . . any argument that might save someone's

life"); White v. Johnson, 79 F.3d 432, 439 (5th Cir. 1996) ("The state's interest in

deterrence and swift punishment must compete with its interest in insuring that

10

those who are executed receive fair trials with constitutionally mandated safeguards. . . . White has benefitted from this careful and meticulous process and cannot now complain that the expensive and laborious process of habeas corpus appeals which exists to protect him has violated other of his rights."). We therefore deny Petitioner's claim on this issue.

AFFIRMED.