[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14101
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00144-CV-WLS-1

GILBERT W. KING,

Petitioner-Appellant,

versus

ALEXIS CHASE, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 30, 2010)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Gilbert W. King, a Georgia prisoner serving an 18-year sentence for child

molestation, appeals pro se the district court's partial denial of his 28 U.S.C. §

2254 habeas corpus petition. King's § 2254 petition raised numerous grounds, most of which alleged ineffective assistance of counsel ("grounds 1-9 and 11"), and one of which alleged that he was convicted in violation of his due process rights ("ground 10"). The district court determined that grounds 1-9 and 11 were without substantive merit, and denied King's petition in this respect. When assessing ground 10, the district court found the claim to be unexhausted, and found that the government did not waive exhaustion, despite the government's express assertion in an earlier pleading that it "d[id] not contest exhaustion." The court accordingly declined to consider the merits of ground 10, and dismissed King's petition without prejudice in this respect. Subsequently, we granted a certificate of appealability ("COA") as to the following issue:

> Whether the district court erred when it denied ten of King's claims and dismissed one claim without prejudice, rather than dismissing his entire 28 U.S.C. § 2254 petition without prejudice, pursuant to Rose v. Lundy, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 1203-1205, 71 L.Ed.2d 379 (1982).

On appeal, King argues pro se that the district court erred in denying his § 2254 petition in part and dismissing it in part, because his petition was a "mixed"

petition containing both exhausted and unexhausted claims.[1]  After careful review, we vacate the judgment of the district court and remand for further proceedings.

When we examine a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact <u>de novo</u>, and findings of fact for clear error.  <u>Rhode v. Hall</u>, 582 F.3d 1273, 1279 (11th Cir. 2009).  We do not review issues that are outside the scope of the COA.  <u>Jordan v. Sec'y, Dep't of Corr.</u>, 485 F.3d 1351, 1356 (11th Cir. 2007).  However, we will address issues that must be necessarily decided before considering the issues explicitly presented in the COA.  See <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1258 (11th Cir. 2002) (construing the COA to present the threshold issue of procedural default finding as well as the substantive due process issue expressly presented).

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must first exhaust state-court remedies. 28 U.S.C. § 2254(b)(1)(A).  A petitioner exhausts a claim when he affords the state habeas court "a full and fair opportunity to address and resolve the claim on the merits."  <u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1343 (11th Cir. 2004) (quotation omitted).

---

[1]  Because King is proceeding <u>pro se</u>, we construe his brief liberally.  See <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

The exhaustion requirement is not jurisdictional, but rather, is a procedural rule based in comity. Thompson v. Wainwright, 714 F.2d 1495, 1503-04 (11th Cir. 1983). As a result, the state either may waive exhaustion expressly, or impliedly by failing to raise the issue or arguing that exhaustion would be futile. Id. at 1501. The district court, in turn, has discretion to accept or reject the waiver. Id. at 1509-10 (remanding because the district court did not specify the basis for rejecting the waiver). However, when the state waives exhaustion, the district court may only invoke the exhaustion bar sua sponte when doing so would serve an important federal interest. Esslinger v. Davis, 44 F.3d 1515, 1524 (11th Cir. 1995). Although waiver is generally an indication that there is no important federal interest, such an interest can occur when a case "presents an issue on which an unresolved question of fact or of state law might have an important bearing," and a federal district court should "insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis." Id. at 1524 n.34.

A "mixed" habeas petition is one that includes both exhausted and unexhausted claims. Pliler v. Ford, 542 U.S. 225, 227 (2004). In Rose v. Lundy, 455 U.S. 509, 510 (1982), the Supreme Court ruled that, when confronted with mixed petitions, the district court must dismiss the petition in its entirety, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of

4

amending or resubmitting the habeas petition to present only exhausted claims to the district court." In imposing this "total exhaustion rule," the Supreme Court noted that it would have the benefits of "encourag[ing] state prisoners to seek full relief first from the state courts" and "reliev[ing] the district courts of the difficult if not impossible task of deciding when claims are related." Id. at 518-19. But while dismissal of mixed petitions is the ordinary rule, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [a district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736-37 (11th Cir. 1998).

In addition to codifying the total exhaustion requirement, AEDPA created a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1); see also Pub. L. 104-132, § 101, 110 Stat. 1214, 1217 (1996). Although the limitations period is tolled while state proceedings are pending, it does not continue to toll while the federal petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The Supreme Court recognized that the passage of AEDPA created a problem in that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims" because petitioners cannot control when

5

district courts will resolve the exhaustion question, rendering numerous petitions time-barred when re-filed in federal court. Rhines v. Weber, 544 U.S. 269, 275 (2005). To address potential time-bar problems, the Supreme Court held in Rhines that district courts have discretion to employ, in limited circumstances, "stay and abeyance" procedures to hold a § 2254 petition in abeyance while the petitioner exhausts his previously-unexhausted claims. Id. at 275-77. In particular, "stay and abeyance is only appropriate" if: (1) the petitioner had good cause for his failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in abusive litigation practices or intentional delay. Id. at 277-78. The Supreme Court further observed that if these conditions were met, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Id. at 278. Conversely, if the district court determines that a stay is inappropriate, it should allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims if dismissal would "impair the petitioner's right to obtain federal relief." Id.

Since Rhines, we have ruled that, when a district court is confronted with a mixed § 2254 petition, the ordinary disposition is to either dismiss it in its entirety, or grant a stay and abeyance. Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007). We have construed Rhines to require that district courts: (1) make findings

6

as to whether a stay and abeyance is warranted; and (2) if a stay is unwarranted, offer petitioners a choice to proceed with only the exhausted claims. Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1366 (11th Cir. 2005) (vacating and remanding to consider whether a stay was warranted because the district court offered petitioner the choice to delete his unexhausted claims before making this threshold finding).

In this case, the district court erred in basing its finding that King's claim was unexhausted on its misperception that the state did not waive exhaustion, and as a result, failed to make threshold findings as to whether exhaustion remained at issue. In addition, the district court erred by dismissing King's § 2254 petition only in part while proceeding to address the merits of the exhausted claims, contrary to Lundy and its progeny in the Supreme Court and our circuit. Accordingly, we vacate the judgment of the district court, and remand with instructions to make the following findings before applying the exhaustion doctrine: (1) whether it is necessary to sua sponte dismiss ground 10 as unexhausted notwithstanding the government's waiver; and (2) if dismissal is necessary, whether it should hold King's petition in abeyance pending exhaustion of ground 10, or dismiss his entire § 2254 petition without prejudice and allow him to proceed on only his exhausted claims. The court should also consider whether a

procedural default exists that would render exhaustion futile, and if so, whether the court should address ground 10 on its merits.

**VACATED AND REMANDED.**