[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12161
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-01292-EAK-TGW

DERRICK D. GILBERT,

Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 14, 2011)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Derrick Gilbert, a Florida prisoner serving a total 20-year sentence after

pleading *nolo contendere* to various offenses, appeals *pro se* the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Gilbert initially had raised five claims in his habeas petition. Subsequently, he expanded his petition to include an additional claim, namely, that the state violated his due process rights by breaching a plea agreement. Before the district court ruled on his petition, however, Gilbert filed a motion to withdraw the plea-agreement claim, indicating that he had not exhausted state remedies with respect to that claim, but was in the process of doing so. The district court then issued an order denying Gilbert's § 2254 petition on all of his five initial claims. The court did not address the plea-agreement claim in its order, but simply granted Gilbert's motion to withdraw. We granted a certificate of appealability ("COA") on the following issue: whether the district court erred by granting Gilbert's motion to withdraw the plea-agreement claim and denying his five remaining claims, rather than dismissing his entire § 2254 petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In reviewing a district court's denial of a § 2254 habeas petition, we review questions of law *de novo*. *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006). The Supreme Court held in *Rose* that, when a prisoner raises both exhausted and unexhausted claims in his federal habeas petition, a district court

2

must dismiss the petition without prejudice, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510, 519-20, 102 S.Ct. at 1199, 1204; *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998).

Judging from the context of Gilbert's motion to withdraw, it is evident that he did not intend to delete the plea-agreement claim from his petition and to proceed only with the exhausted claims, as doing so almost certainly would have barred the plea-agreement claim from federal habeas review. *See* 28 U.S.C. § 2244(b)(2) (imposing heavy restrictions on filing successive habeas petitions); *see also United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.").

Certainly, when a petitioner seeks habeas review on both exhausted and unexhausted claims, a district court need not always dismiss the entire petition without prejudice. For instance, "when it is obvious that the unexhausted claims would be procedurally barred in state court," a district court may "forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as

3

no basis for federal habeas relief." *Snowden*, 135 F.3d at 736. Moreover, a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust" state remedies. 28 U.S.C. § 2254(b)(2); *Thompson v. Sec'y for Dep't of Corr.*, 517 F.3d 1279, 1283-84 (11th Cir. 2008).[1]

In this case, the district court took none of the above alternatives, but simply granted Gilbert's motion to withdraw the plea-agreement claim without an explanation, making it very difficult, if not impossible, for Gilbert to seek future federal habeas relief on that claim. *See* 28 U.S.C. § 2244(b)(2). We express no judgment on the procedural or substantive viability of the claim, and dismissing Gilbert's entire habeas petition under *Rose* may not be necessary. *See* 28 U.S.C. § 2254(b)(2); *Snowden*, 135 F.3d at 736. However, it is the district court's responsibility to make the appropriate determinations in the first place. *See Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) ("If there is an issue that the district court did not decide in the first instance, it is not properly before this Court."). Accordingly, we vacate the district court's grant of Gilbert's motion to withdraw and remand for further proceedings.

---

[1] A district court may also grant a "stay and abeyance" of a § 2254 petition to allow the exhaustion of claims. *Thompson v. Sec'y for Dep't of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005). However, this remedy is available only in "limited circumstances," namely, "if (1) the petitioner had good cause for failing to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* (quotations omitted).

**VACATED and REMANDED.**