[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12336
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00252-CAR-CHW


ABDUL RASHID ISAAC,

Petitioner-Appellant,


versus


AUGUSTA SMP WARDEN,
ATTORNEY GENERAL, STATE OF GEORGIA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 27, 2012)

Before DUBINA, Chief Judge, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Abdul Rashid Isaac, incarcerated and proceeding *pro se*, appeals

the district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for

writ of habeas corpus. We granted a certificate of appealability on two issues:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925,
> 936 (11th Cir. 1992), in its order dismissing Isaac's federal habeas
> petition without prejudice, by failing to resolve those claims for
> relief that did not rely upon *Garza v. State*, 670 S.E.2d 73 (Ga.
> 2008)?
>
> Whether the district court erred in failing to make findings as to
> whether a stay and abeyance was warranted in Isaac's case, pursuant
> to *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161
> L. Ed. 2d 440 (2005), and *Thompson v. Sec'y for Dep't of Corr.*, 425
> F.3d 1364, 1366 (11th Cir. 2005)?

I.

In a 28 U.S.C. § 2254 proceeding, the district court's legal conclusions are

reviewed *de novo*, but its findings of fact are reviewed only for clear error.

*Osborne v. Terry*, 466 F.3d 1298, 1304-05 (11th Cir. 2006). We liberally construe

*pro se* pleadings. *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991). We

will not, however, review on appeal any issue not raised in the parties' initial

briefs, deeming such issues to be abandoned. *United States v. Day*, 405 F.3d 1293,

1294 n.1 (11th Cir. 2005). Further, review in a § 2254 proceeding is limited to the

issues specified in the certificate of appealability. *Diaz v. Sec'y, Dep't of Corr.*,

362 F.3d 698, 702 (11th Cir. 2004).

The district court must resolve all claims for relief raised in a § 2254 petition for habeas corpus, regardless of whether habeas relief is granted or denied. *Clisby v. Jones*, 960 F.2d at 936. Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* 28 U.S.C. § 2254(b), (c). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S. Ct. 1198, 1203-05, 71 L. Ed. 2d 379 (1982). A mixed petition, containing both exhausted and unexhausted claims, also should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims, or amend the petition to remove any unexhausted claims. *Id.* at 519-20, 102 S. Ct. at 1204. To fully exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989); *see also Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (ruling that, following a denial of a state habeas petition, a Georgia prisoner must file an application for a certificate of probable cause with the Georgia Supreme Court in order to fully exhaust state remedies).

3

When it is obvious, however, that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, the court should treat those claims as having no basis for federal habeas relief and address the exhausted claims. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998). "This step should not be taken if there is a reasonable possibility that an exception to the procedural bar may still be available to the petitioner." *Id.* at 737.

Here, Isaac does not clearly raise on appeal, and has thus abandoned, any argument regarding potential error under *Clisby*. Although he cites *Clisby* for the relevant legal proposition that a district court must resolve all constitutional claims presented in a habeas petition before granting or denying relief, he does not appear to offer any argument that the court actually erred under this standard.

Regardless, even assuming for the sake of discussion that Isaac properly raised the argument, we conclude from the record that the district court did not err under *Clisby* in dismissing his entire petition without prejudice. The court did not affirm or deny the petition on the basis of certain claims for relief, leaving others unresolved. Rather, the court dismissed Isaac's entire § 2254 petition without prejudice to allow for complete exhaustion of his claims in state court, in accordance with *Lundy*. Although the court focused on the unexhausted *Garza* claims in dismissing Isaac's petition, its reasoning - that the "mixed petition" was

4

improperly filed in federal court - necessarily encompassed all claims.

Moreover, we conclude that Isaac's additional arguments regarding the validity of his convictions and sentences are outside the scope of his COA.

## II.

Ordinarily, a "mixed petition," containing both exhausted and unexhausted claims, should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims, or amend the petition to remove any unexhausted claims. *Lundy*, 455 U.S. at 519-20, 102 S. Ct. at 1203-05. In the event that such a dismissal would result in any subsequent petition being time-barred under the statutory one-year limitations period, the district court may employ a "stay-and-abeyance" procedure, whereby the court would stay the timely filed petition and hold it in abeyance while the petitioner returns to state court to exhaust all of his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. at 275-78, 125 S. Ct. at 1533-35; *see also* 28 U.S.C. § 2244(d)(1) (establishing a one-year filing limitation for state prisoners). This procedure should be available only in limited circumstances, but is appropriate where (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory

5

litigation tactics. *Rhines*, 544 U.S. at 277-78, 125 S. Ct. at 1535.

If the district court determines that stay and abeyance is inappropriate and dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief, the court should allow the petitioner to delete the unexhausted claims and to proceed solely on the exhausted claims. *Id.* at 278, 125 S. Ct. at 1535. We have held that a district court, when considering a mixed § 2254 petition under *Rhines*, must first determine whether a stay is unwarranted before offering the petitioner the choice to proceed with only the exhausted claims or face dismissal of his entire petition. *Thompson v. Sec'y, Dep't of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005) (applying *Rhines* where petitioner filed a mixed petition on the last day of the statutory one-year filing deadline and subsequently moved for a stay and abeyance).[1]

Here, we conclude from the record that the district court erred in not considering whether a stay and abeyance was appropriate because a subsequent § 2254 petition would be time-barred.[2] 28 U.S.C. § 2244(d)(1), (2). Due to this

---

[1] The relevant factual history for this case is set forth in *Thompson v. Sec'y, Dep't of Corr.*, 320 F.3d 1228, 1229 (11th Cir. 2003), *judgment vacated by Thompson v. Crosby*, 544 U.S. 957, 125 S. Ct. 1722, 161 L. Ed. 2d 596 (2005).

[2] Respondents concede in their brief that the district court should have made findings regarding whether a stay and abeyance was warranted in Issac's case. *See* Red Brief at 6, 11.

statutory filing limitation, the dismissal of Isaac's petition, although purportedly without prejudice, could effectively operate as a bar to refiling and deprive Isaac of his ability to obtain federal review. Further, Isaac specifically requested a stay and abeyance in his response to the state's motion to dismiss. Therefore, the district court should have determined whether a stay and abeyance was warranted or, if not, whether to allow Isaac to proceed solely on his exhausted claims.

For the aforementioned reasons, the district court's judgment is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

**AFFIRMED in part, VACATED in part, and REMANDED.**