David HOROWITZ, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, as Secretary, Department of Corrections, State of Florida, Defendant-Appellee.

Bernard HOROWITZ, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary of Department of Offender Rehabilitation, Respondent-Appellee.

Nos. 82–5420, 82–5430

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 18, 1983.

Joel Hirschhorn, Miami, Fla., for plaintiff-appellant.

Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for defendant-appellee and respondent-appellee.

Michael S. Tarre, Coral Gables, Fla., for petitioner-appellant.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

Bernard and David Horowitz, father and son, filed petitions in the United States District Court for the Southern District of Florida for habeas corpus pursuant to 28 U.S.C.A. § 2254, alleging various claims for relief. Because their petitions present the same facts and legal issues, they have been consolidated for this appeal. The district court dismissed each petition because one of the claims had not been exhausted in the Florida state courts. We affirm.

The petitioners were convicted, following a jury trial, of twenty-one counts of "fraudulent securities transactions," in violation of Fla.Stat.Ann. §§ 517.301(1) and 517.302.

They were each sentenced to terms of imprisonment. Their convictions were affirmed without opinion by the Florida District Court of Appeal, Fourth District. *Horowitz v. State,* 399 So.2d 1156 (1981). The Florida Court of Appeal denied motions for rehearing, and the United States Supreme Court denied certiorari. *Horowitz v. Florida,* 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 247 (1981).

A federal district court must dismiss a petition for habeas corpus that contains both exhausted and unexhausted claims, unless the petitioner elects to amend the petition to delete the unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Here the district court dismissed the petitions because the ground of ineffective assistance of counsel had not been addressed by the state courts. At the time petitioners filed their briefs in Florida's Fourth District Court of Appeal, Florida law held that the ineffective assistance of privately retained counsel could not be raised on direct appeal. *Cappetta v. Wainwright,* 203 So.2d 609 (Fla.1967). However, one day after petitioners' convictions had been affirmed by the Florida District Court of Appeal, the Supreme Court of Florida rendered *Vagner v. Wainwright,* 398 So.2d 448 (Fla.1981). In *Vagner* the court held, in light of *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), that "claims of denial of the effective assistance of counsel based on inadequacy or incompetence of retained counsel are cognizable as grounds for challenging convictions on appeal and collaterally, to the same extent as are such claims pertaining to appointed counsel." 398 So.2d at 452. Petitioners thereupon filed motions for rehearing under Fla.R.App.P. 9.330, in the state Court of Appeal, directing the court's attention to *Vagner.* The Florida Court of

Appeal, Fourth District, summarily denied the motions on June 10, 1981.

Petitioners contend that they have exhausted their state remedies by filing the Fla.R.App.P. 9.330 motions. However, they concede that out of "an abundance of caution" they have also filed collateral attacks on their convictions based on the ineffective assistance of counsel claim pursuant to Fla. R.Crim.P. 3.850. The state trial court addressed the claim on the merits and denied the 3.850 motions on September 26, 1982. An appeal was filed with the Florida District Court of Appeal and is still pending.[1] The principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in Florida state court and their Section 2254 petitions in federal court.[2] Therefore, the district court's dismissal of the petitions without prejudice to refile when the petitioners have exhausted their state court remedies is

AFFIRMED.

---

1. An inquiry by the clerk of this Court on May 10, 1983 disclosed that the appeal was pending.

2. Petitioners argue that they exhausted their state court remedies by filing the motions for reconsideration under Fla.R.App.P. 9.330. The respondent counters that the filing of a petition

under Fla.R.Crim.P. 3.850 is nevertheless mandatory in this case in order for petitioners to exhaust their state court remedies. We do not resolve this dispute, since petitioners have in fact filed collateral attacks under Fla.R.Crim.P. 3.850.