[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13772
Non-Argument Calendar

_____

D. C. Docket No. 04-03467-CV-WSD-1

DAVID REEDMAN,

Petitioner-Appellant,

versus

TODD THOMAS,

Respondent,

JAMES E. DONALD,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 15, 2008)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner David Reedman, a Georgia prisoner proceeding *pro se*, appeals the district court's dismissal of his *pro se* habeas corpus petition, which was filed pursuant to 28 U.S.C. § 2254. Reedman's § 2254 petition alleged 22 claims of error. The first 19 counts in his habeas petition alleged errors by the state trial court, which Reedman previously raised on direct appeal. Counts 20 and 21 in the petition challenged the Georgia Court of Appeals's ("GCOA") decision, and Count 22 challenged the Georgia Supreme Court's decision to deny his certiorari petition.

The district court determined that Reedman had not exhausted Claims 1 through 19, because the passing, general reference that he made in his direct appeal to federal due process claims was insufficient to provide the GCOA with notice that he sought to raise federal due process claims with respect to every issue. The district court further found that the record was devoid of any evidence demonstrating that Reedman had exhausted Claims 20, 21, and 22. The district court concluded that it was appropriate to stay and hold the case in abeyance to allow Reedman the opportunity to exhaust all of his claims through a state habeas petition. It granted Reedman 20 days from the entry of its order to notify the district court that he was pursuing state habeas relief in the appropriate court.

2

Reedman did not file the state habeas action, and, as a result, the district court lifted the stay and dismissed the petition due to Reedman's failure to notify the court in a timely manner, as instructed in its prior order. We granted a certificate of appealability on the following issues: (1) whether the district court erred in concluding that the claims raised by Reedman in his § 2254 petition were unexhausted in state court; (2) if not, whether the district court erred in declining to provide Reedman with an opportunity to voluntarily dismiss any unexhausted claims from his petition; and (3) whether the district court abused its discretion by dismissing Reedman's petition for failing to comply with a court order.

On appeal, Reedman first argues that he provided sufficient notice to the state court that claims 1 through 19 alleged federal constitutional error. Thus, he contends that these claims are exhausted. He further contends that he presented to the state court Claims 20 and 21, as those claims were asserted as errors in his petition to the Georgia Supreme Court for a writ of certiorari, but he concedes that Claim 22 was not presented in any state court, as it resulted from the actions of the Georgia Supreme Court in denying his petition. Second, Reedman argues that it was unnecessary for him to return to the state court to further exhaust his claims, and the district court erred by refusing to allow him to delete his unexhausted claims.

## I.    Exhaustion of claims

We review *de novo* a district court's denial of a habeas petition under § 2254 and its factual findings for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).  Whether a petitioner exhausted state court remedies is a mixed question of law and fact, which also is reviewed *de novo*.  *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990).

Before filing a federal habeas action, a state prisoner must exhaust state court remedies, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must present fairly every issued raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.  *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).  "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."  *Gray v. Netherland*,  518 U.S. 152, 162-163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (stating that, "[i]n order to be exhausted, a federal claim must be fairly presented to the state courts").  Indeed, we "require that a petitioner present[ ]d his claims to the state court such that a reasonable reader would understand each

4

claim's particular legal basis." *McNair*, 416 F.3d at 1302 (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d, 1344-45 (11th Cir. 2004).

In *Mauk v. Lanier*, 484 F.3d 1352, 1358 (11th Cir. 2007), we determined that because the Georgia Supreme Court's denial of certiorari does not constitute a ruling on the merits, a petitioner's presentation of a claim in this manner does not satisfy the requirement that federal constitutional claims first be fairly presented to the state court before being brought to the federal court in a habeas petition.

A. *Claims 1-19*

The record indicates that Reedman did not present his claims to the state court in a way that would allow a reasonable reader to understand each claim's legal basis, and, accordingly, the state court did not have a fair opportunity to decide these claims. Because there is an available state remedy under which Reedman can assert all of his unexhausted claims – a state habeas petition – the district court did not err.

B. *Claims 20-22*

Even if Reedman presented Claims 20 and 21 to the Georgia Supreme Court in his petition for a writ of certiorari, this was insufficient to exhaust his state court remedies on these claims. *See Mauk*, 484 F.3d at 1358. Further, with regard to Claim 22, because Reedman conceded below and on appeal that he did not raise

5

this claim in any state court, we conclude that the district court properly determined that it had not been exhausted.

## II.     Voluntarily dismissal of claims

Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S. Ct. 1198, 1203-04. 71 L. Ed.2d 379 (1982). However, a petitioner "can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Id.* at 520, 102 S. Ct. at 1204.  The Supreme Court later held in *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2008), that:

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535.  Moreover, if "the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.*  Finally, in *Thompson v. Sec'y for the Dep't of Corr.*, 425 F.3d 1364 (11th Cir. 2005), we held that the choice, which was approved in

6

*Rhines*, of allowing a petitioner to delete the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair his rights to obtain federal relief, "should only be offered if a stay is unwarranted." *Thompson*, 425 F.3d at 1366.

In their brief, the respondents concede that although the district court properly found that grounds 20-22 were unexhausted, Reedman should have been given the option to delete them. Because the district court declined to give Reedman that option, it committed reversible error.

Accordingly, we vacate the district court's judgment and remand this case with directions that the district court give Reedman the option of deleting all unexhausted claims.

**VACATED and REMANDED.**