**Gerald WRIGHT, Petitioner,**

v.

**Shelia OUBRE, Warden, Respondent.**

**No. 1:10–cv–2724–WSD.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 7, 2011.

Lynn Gitlin Fant, Lynn Fant, P.C., Waco, GA, for Petitioner.

Jason Charles Fisher, State of Georgia Law Department, Atlanta, GA, for Respondent.

### OPINION AND ORDER

WILLIAM S. DUFFEY, JR., District Judge.

This matter is before the Court on Petitioner Gerald Wright's ("Wright" or "Petitioner") Objections (the "Objections") [13] to Magistrate Judge C. Christopher Hagy's Final Report and Recommendation ("R & R") [12]. The R & R considers Wright's Petition for Writ of Habeas Corpus [1] and Respondent Sheila Oubre's ("Respondent") Motion to Dismiss [4]. The Magistrate Judge recommended that Respondent's motion to dismiss be granted and the Petition be dismissed without prejudice for lack of exhaustion. The Magistrate Judge recommended that a Certificate of Appealability not be issued.

## I. BACKGROUND

On February 6, 2001, Petitioner was convicted in the Superior Court of Dade County of murder, felony murder, aggravated assault, possession of a firearm during the commission of a felony, and concealing the death of another person. On March 27, 2003, the Georgia Supreme Court affirmed his conviction. On January 12, 2004, the United States Supreme Court denied Petitioner's writ of *certiorari.* On July 9, 2010, the Superior Court of Gwinnett County denied Wright's petition for a writ of habeas corpus. Wright's application for a certificate of probable cause to

appeal is pending before the Supreme Court of Georgia.[1]

On August 30, 2010, Wright petitioned this Court for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254[1]. On September 28, 2010, Respondent moved to dismiss Wright's petition for failure to exhaust his state claims [4]. On November 4, 2010, Magistrate Judge C. Christopher Hagy ordered Petitioner to show cause why the Court should not dismiss his petition without prejudice as an unmixed petition that is not subject to stay and abeyance under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) [7]. In response, Petitioner argued that *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), extends *Rhines* to all unmixed petitions, and that Petitioner had good cause for failure to exhaust all of his habeas claims in state court [8]. On December 22, 2010, the Magistrate Judge issued his R & R, recommending that Wright's petition be dismissed without prejudice for failure to exhaust his state remedies [12]. The Magistrate Judge found that *Rhines* did not require a stay and abeyance in this case because Wright's petition contains only unexhausted claims and *Pace* does not apply. He also found that, even if *Rhines* did apply, Petitioner has failed to show good cause for failing to exhaust state remedies before filing his petition in federal court. The Magistrate Judge recommended that a Certificate of Appealability ("COA") not be issued, because Petitioner failed to show that reasonable jurists could debate whether his petition should have been resolved in a different manner. In his Objections [13], Petitioner reiterates the arguments he previously raised in his response to the Magistrate Judge's order to show cause.

## II. DISCUSSION

### A. *Legal Standard*

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir.1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge " 'give fresh consideration to those issues to which specific objection has been made by a party.' " *Jeffrey S. by Ernest S. v. State Board of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R.Rep. No. 94–1609, 94th Cong., 2d Sess. (1976), 1976 U.S.C.C.A.N. 6162, 6163). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir.1983), *cert. denied*, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).[2]

### B. *Dismissal for Lack of Exhaustion*

 Respondent has moved to dismiss Wright's petition for failure to exhaust his state remedies pursuant to 28 U.S.C. § 2254(b)(1). Petitioner argues that (1) *Pace* extends *Rhines* to all unmixed petitions, and (2) that Petitioner had good

---

1. *See* Ga. S.Ct. Dkt. No. S11H0056, http://www.gasupreme.us/docket_search (last visited February 25, 2011).

2. The Court has reviewed the portions of the R & R to which an objection was not asserted, and finding no plain error, they are adopted by the Court.

cause for failure to exhaust all of his habeas claims in state court. The Magistrate Judge recommended that Respondent's motion to dismiss be granted, finding that *Rhines* does not apply, and even if it did, Petitioner has not shown good cause for his failure to exhaust his state remedies. In his Objections, Petitioner summarily reasserts the arguments he raised in response to the Magistrate Judge's order to show cause. The Court reviews *de novo* the Magistrate Judge's recommendation that Respondent's motion to dismiss be granted.

■ The AEDPA provides that a Court shall not grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). Principles of comity would be violated by allowing a state prisoner to simultaneously pursue both his appeal in state court and a habeas corpus petition in federal court. *Horowitz v. Wainwright*, 709 F.2d 1403 (11th Cir.1983). Exhaustion of state remedies requires state prisoners to fairly present federal claims to state courts to give state courts the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir.1998). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Reedman v. Thomas*, 305 Fed.Appx. 544, 546 (11th Cir. 2008) (per curium) (citing *Rose v. Lundy*, 455 U.S. 509, 519–520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)).

■ In *Rhines v. Weber*, the Supreme Court held that district courts may order a stay and abeyance of mixed petitions "in limited circumstances." 544 U.S. 269, 270, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). While the AEDPA requires exhaustion of state remedies and imposes a statute of limitations, the limitations period is tolled during the pendency of a state application for habeas review. It is not tolled by the filing of a federal petition for habeas review. *Id.* at 274, 125 S.Ct. 1528 (citing 28 U.S.C. §§ 2254(b)(1)(A), 2244(d)). The Supreme Court has held that, because an application for federal habeas review is not an "application for State post-conviction or other collateral review," the time for filing a federal habeas petition is not tolled during the pendency of a petitioner's first federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). This "provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts." *Id.* Recognizing that the AEDPA's exhaustion requirement and statute of limitations may cause petitioners who file mixed petitions in federal court to "run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the *Rhines* Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court and subsequently return to federal court for review of his petition.[3] *Rhines*, 544 U.S. at 275, 125 S.Ct. 1528. A district court should grant a stay and abeyance of a mixed petition if (1) the petitioner had "good cause" for failing

---

**3.** The Court observed that, regardless of when a petitioner files his mixed petition, he has no control over when the district court might rule on the exhaustion issue; "[t]hus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case." 544 U.S. at 275, 125

S.Ct. 1528. The Court cautioned: "if a district court dismisses a mixed petition ... a petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Id.*

to exhaust his habeas claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278, 125 S.Ct. 1528.

Petitioner relies on *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), to extend *Rhines* to all habeas petitions, arguing specifically that this Court should hold that where there is a very short period of time left to run on the AEDPA limitations period, the Court should enact a rule that permits a petitioner to file a "protective petition" in federal court to protect a petitioner from missing his federal habeas filing deadline. Petitioner argues that Pace requires the Court to allow this new "protective petition" process. The Court disagrees. Petitioner's reliance on *Pace* is misplaced.

In *Pace,* the Supreme Court held that a petitioner was not entitled to equitable tolling of the AEDPA's statute of limitations while his untimely state petition was pending in state court. *Id.* The petitioner in *Pace* argued that it was unfair not to toll the limitations period where a petitioner might litigate his state case for years, trying in good faith to exhaust state remedies, only to find out that his state petition was untimely and thus his federal claim was time-barred. The Court suggested that

> [a] prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are

exhausted. A petitioner's *reasonable confusion* about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Id.* (citing *Rhines*) (emphasis added). *Pace* does not support applying *Rhines* to all unmixed petitions, but rather only to those limited circumstance in which a petitioner seeks to preserve his opportunity for federal habeas review because his federal claim might otherwise be time-barred due to his reasonable confusion about state filing requirements. Wright does not argue that he has any reasonable confusion about his state habeas filing.[4] To the contrary, he has filed his state petition and simply is waiting for his state remedies to be exhausted.

Petitioner's reliance on *Heleva v. Brooks,* 581 F.3d 187 (3rd Cir.2009), to extend *Rhines* to all unmixed petitions also is misplaced. In *Heleva,* the district court had denied a habeas petition, ruling that it lacked the authority under *Rhines* to issue a stay where the petition contained only unexhausted claims. *Id.* at 188. The Third Circuit remanded, finding that the District Court failed to consider Pace and its interpretation of *Rhines. Id.* The Third Circuit recognized that Pace applies "in at least some limited circumstances beyond the presentation of a mixed petition." *Id.* at 191. The Third circuit, noting the purpose of *Rhines* and *Pace,* commented that "a distinction between mixed and non-mixed petitions would make no sense *in the context of granting a stay to avoid penalizing a prisoner for reasonable confusion* about state court filing requirements." *Id.* at 191 (emphasis added).

---

4. Unlike the petitioner in *Pace,* Wright has been represented by counsel during his habeas proceedings and concedes that he was aware of Georgia's four year statute of limitations to file his state habeas petition [10]. Wright has failed to show any reasonable confusion about his state filing requirements, or that a court may dismiss his state habeas petition as untimely (thus precluding Wright from receiving the benefit of the AEDPA's tolling provision).

Wright, of course, has not argued that he may be penalized for confusion about state court filing requirements. While Wright has argued that he may be penalized if his petition is denied because, like the petitioner in *Heleva*, only one day remains before the AEDPA statute of limitations runs, Wright fails to acknowledge the Third Circuit's refusal to approve a stay solely because petitioner's time to file is running short:

> To be clear, though we hold that good cause as described in *Rhines* and *Pace* does at least encompass more than mixed petitions, we reserve judgment on whether the scenario laid out by Heleva—a habeas petitioner with only hours remaining in the AEDPA limitations period—may qualify as good cause.

*Id.* at 192, n. 3. Unlike the petitioner in *Heleva*, Wright has not argued that he had any confusion about state filing requirements that Pace categorized as "good cause" for a stay.

Petitioner next objects to the Magistrate Judge's reliance on *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir.2006) in finding that exhaustion is required. In *Rasberry*, the Ninth Circuit "decline[d] to extend [the stay and abeyance procedure] to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included." *Id.* at 1154. The petitioner in *Rasberry* specifically argued that the district court, which had dismissed his case for failure to

exhaust, should have first notified him that he had omitted two claims from his petition that had been exhausted in state court, so that he could add those claims and make his a mixed petition eligible for stay and abeyance under *Rhines.* *Id.* The Ninth Circuit held that "once a district court determines that a habeas petition contains only unexhausted claims ... it may simply dismiss the petition for failure to exhaust." *Id.* at 1154. Petitioner objects to the Magistrate Judge's reliance on this statement, arguing that the Ninth Circuit relied on a pre-*Rhines* case and failed to consider Pace [13 at 3].[5] Because the petitioner in *Rasberry* did not assert reasonable confusion or that his petition was "protective," the Ninth Circuit did not have reason to consider how Pace could have affected its precedent of dismissing unmixed habeas petitions for failure to exhaust.[6]

The Eleventh Circuit has instructed: "[g]enerally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Reedman v. Thomas*, 305 Fed.Appx. 544, 546 (11th Cir.2008) (per curium) (citing *Rose v. Lundy*, 455 U.S. 509, 519–520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). This Court has stated: "when a federal habeas petitioner has failed to exhaust his state remedies with respect to his only federal claim for relief, he is not entitled to the stay and abeyance procedure outlined in *Rhines*, which only applies to a mixed petition."

---

**5.** Petitioner's argument is exactly that presented to the Third Circuit in *Heleva*. *Heleva*, 581 F.3d at 192. The Third Circuit doubted that *Rasberry* was meant to completely foreclose stays for unmixed petitions, and concluded that *Rasberry* did not have any bearing on whether a petitioner citing reasonable confusion under Pace may receive the benefit of stay and abeyance even if his petition is not mixed. *Id.*

**6.** *Rasberry* has not been overruled, and courts within the Ninth Circuit continue to hold that the stay and abeyance procedure of *Rhines* does not apply to unmixed petitions. *See e.g., Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) ("habeas relief *must* be denied if the petitioner has not exhausted the remedies available in the courts of the State").

*Daker v. Warren*, No. 1:10–CV–00552, 2010 WL 3730975 at *1 (N.D.Ga. September 20, 2010); (citing *Thompson v. Sec'y for the Dep't of Corr.*, 425 F.3d 1364, 1365 (11th Cir.2005) (noting that the Supreme Court stated in *Rhines* that "district courts may order a stay and abeyance of mixed petitions 'in limited circumstances' ")). Because Wright has not filed a mixed petition, *Rhines* does not apply. Wright has not argued that his petition is a "protective" petition or that he has reasonable confusion about state filing requirements. As a result, neither *Pace* nor *Heleva* apply to extend *Rhines* to Wright's unmixed petition. Wright's objections are overruled.

Even if *Rhines* did apply, which the Court finds it does not, Wright's petition must be denied because he has not shown good cause for his failure to exhaust state claims.[7] It is well-established that *Rhines* requires a petitioner to show good cause for his failure to exhaust state claims before filing his petition in federal court. 544 U.S. at 277, 125 S.Ct. 1528. Petitioner argues that he has made, and continues to make, every attempt to exhaust his claims in state court [13 at 6]. He notes that he is awaiting a ruling from the Supreme Court of Georgia on his application for certificate of probable cause to appeal, acknowledging that his state remedies are not yet exhausted. He concedes that he is anxious he may not get timely notice of the exhaustion of his state habeas remedies and that he and his counsel may not file a federal habeas petition in the remaining short time left before the AEDPA limitations period expires. [13 at 6]. These anxieties do not constitute good cause for Petitioner's failure to exhaust his state remedies.

Petitioner next argues that, since he will "undoubtedly" be able to meet the requirements for equitable tolling if his petition is not filed before the statute of limitations expires, the Court should stay this petition to avoid unnecessary litigation.[8] *Rhines* requires good cause for failure to exhaust state remedies, not simply good cause for granting a stay because a petitioner may face time constraints and experiences anxiety because of the AEDPA limitations period.[9] While the Third Circuit in *Heleva* remanded for further consideration in light of *Pace*, it expressly "reserve[d] judgment on whether the scenario laid out by Heleva—a habeas petitioner with only hours remaining in the AEDPA limitations period—may qualify as good cause." *Heleva*, 581 F.3d at 192, n. 3. Petitioner conflates the good cause requirement of *Rhines* and the "extraordinary circumstance" requirement of *Pace* for a grant of equitable tolling. The AEDPA's statute of limitations exists to "reduce[ ] the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal

---

7. Because Wright has failed to show good cause for failure to exhaust state remedies, the Court is not required to consider the remaining two factors.

8. Petitioner appears to refer to the possibility of untimely notification. He would then have to litigate whether he would be entitled to relief from the limitations period bar. That possibility is, at this point, insignificant.

9. The Court notes that the limitations period issue here is a result of Petitioner's delay in filing his state claims. While Petitioner explains that the delay was because his case involved two deaths, was prosecuted in a remote corner of northwest Georgia, and it was necessary for his habeas counsel to consult experts in pathology, pharmacology, and psychology, other petitioners have faced similar if not more complicated post-trial issues and filed their petitions earlier in the process thus avoiding the filing deadline issues here. [11 at 2].

habeas review." *Rhines,* 544 U.S. at 276, 125 S.Ct. 1528 (internal citation omitted). Granting Wright's petition would undermine the purpose of the carefully limited circumstances in which a district court may grant a stay to petitioners who "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275, 125 S.Ct. 1528; *see also Dolis v. Chambers,* 454 F.3d 721 (7th Cir.2006) (district court has discretion to consider whether a stay is appropriate when dismissal for failure to exhaust state postconviction relief remedies would effectively end any chance at federal habeas review).

Finally, the interpretation of *Rhines* and *Pace* urged by Petitioner would create uncertainty, and potentially unfairness, in the application of the requirements of the AEDPA. Congress passed the AEDPA, its statute of limitations and tolling provisions, to create regularity in the processing of federal habeas cases, to avoid duplicate, overlapping state and federal proceedings, and to create certainty and fairness in the processing of federal habeas actions: "This title [of the AEDPA] incorporates reforms to curb the abuse of the statutory writ of habeas corpus, and to address the acute problems of unnecessary delay and abuse in capital cases." H.R. Conf. Rep. No. 104–518, p. 111 (1996), 1996 U.S.C.C.A.N. 944, 944.[10] As the Supreme Court has cautioned:

> Stay and abeyance, if employed too frequently, has the potential to undermine [the AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the solution of federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines,* 544 U.S. at 277, 125 S.Ct. 1528. To enact the "we are close to the end of the limitations period protective petition rule" advocated by Petitioner erodes what Congress sought to achieve in enacting the statute of limitations embedded in the act and would disrupt the regularity and certainty that the AEDPA and its limitations period provides. It certainly would inject into the process unnecessary and unjustified ambiguity. The creation of ambiguity is certain. The question always will be how close to the tolling period would a petition have to be to allow a Petitioner to file a "protective petition?" Petitioner seeks the "one day left" exception. Others will argue that two days remaining warrants an exception. Others will say they do not have access to computers so a longer period should be allowed. Still others will argue the fact they do not have internet access supports a still longer period. The interpretation of Pace suggested by Petitioner creates uncertainty and ambiguity where none currently exists, precisely what the AEDPA limitations period requirements sought to avoid.

The *Pace* footnote was intended, at most, to allow a narrow exception to ad-

---

**10.** The Supreme court has long recognized that AEDPA's "clear purpose [is] to encourage litigants to pursue claims in state court prior to seeking federal collateral review." *Duncan,* 533 U.S. at 181, 121 S.Ct. 2120. The "limitation period and [ ] tolling provision, together with [its] exhaustion requirement, encourage litigants first to exhaust all state remedies and then to file their federal habeas petitions as soon as possible." *Id.* The statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Rhines,* 544 U.S. at 276, 125 S.Ct. 1528 (citing *Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003)).

dress the unique features of that case—where a Petitioner was faced with the uncertainty of the state habeas filing deadlines. There petitioner could not determine when the AEDPA statute of limitations would be tolled by the state habeas action. That is far from the case here where Petitioner's filing has been made, he knows the statute will begin to run when the Georgia Supreme Court issues its order, the order will be publicly available and provided to Petitioner, and Petitioner is represented by counsel. Vigilant attention to the state proceeding will allow a timely federal habeas filing. There simply is no need to create the protective petition rule argued by Petitioner in this litigation. Wright's objections are overruled, and his petition is required to be dismissed.

## C. *Denial of Petitioner's Request for a Certificate of Appealability*

■ Petitioner objected to the Magistrate Judge's finding of fact and conclusion of law that a Certificate of Appealability ("COA") should not be issued. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. at 484, 120 S.Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

that the petitioner should be allowed to proceed further." *Id.*

Petitioner argues that a COA should issue on whether *Rhines,* in light of Pace, extends to unmixed petitions. [13 at 8]. Petitioner argues that, since the Third Circuit has determined that *Rhines* applies to all unmixed petitions while other courts have concluded the opposite, reasonable jurists could debate whether *Rhines* applies to unmixed petitions in light of *Pace.* Petitioner mischaracterizes the holding in *Heleva* and disregards the AEDPA's exhaustion requirement. Neither the Supreme Court in Pace nor the Third Circuit in *Heleva* extends *Rhines* to *all* unmixed petitions; in those cases, both petitioners argued reasonable confusion about state filing limitations. Because Petitioner has failed to exhaust his state claims and has not alleged reasonable confusion as good cause for failure to exhaust, *Rhines* does not apply. No reasonable jurist could debate otherwise. Petitioner's objection is overruled. A Certificate of Appealability is required to be denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge C. Christopher Hagy's Final Report and Recommendation is **ADOPTED,** and Petitioner Gerald Wright's Objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Petitioner's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner Gerald Wright is **DENIED** a certificate of appealability.